UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANG CHEN, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>HIKO ENERGY, LLC<br><br>                Defendant. | Civil Action No. 14-cv-01771-VB<br><br>Amended Complaint<br><br>**ECF CASE** |

      Plaintiff Yang Chen, by his attorneys, Meiselman, Packman, Nealon, Scialabba & Baker P.C., as and for his class action complaint, alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

### Nature Of This Case

      1.     This action seeks to redress the deceptive pricing practices of Hiko Energy, LLC ("Hiko") that have caused thousands of consumers to pay considerably more for their electricity than they should otherwise have paid. Hiko has taken advantage of the deregulation of the retail electricity markets by luring consumers into switching electricity suppliers with false promises of a competitive market-based rate that delivers guaranteed savings.

      2.     Unfortunately for consumers, however, Defendant's rates bear little relation to market conditions, and Hiko's customers do not save on their electricity bill. To the contrary, Hiko's customers are being fleeced millions of dollars in exorbitant charges for electricity.

      3.     This suit is brought pursuant to N.Y. G.B.L. § 349 and N.Y. G.B.L. § 349-d and the common law of New York on behalf of a class of consumers who purchased electricity from

Hiko from March 14, 2008 to the present. It seeks, *inter alia*, injunctive relief, actual damages and refunds, treble damages, attorneys' fees, and the costs of this suit.

### Jurisdiction

4. Plaintiff is a citizen of the State of New Jersey and the putative class consists of citizens of the State of New Jersey and the State of New York.

5. Defendant Hiko Energy, LLC is a limited liability company organized under the laws of the State of New York with its principal place of business located in the State of New York.

6. Hiko's status as a limited liability company renders it an "unincorporated association" pursuant to the Class Action Fairness Act ("CAFA") and under CAFA, an unincorporated association is a citizen of the state where it has its principal place of business and under whose laws it is organized. *See* 28 U.S.C. § 1332(d)(10).[1]

7. Therefore, jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as minimal diversity exists, there are more than 100 class members, and the amount in controversy is in excess of $5 million.

---

[1] *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698 (4th Cir. 2010) ("In this appeal, we hold that, for purposes of determining subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. No. 109–2, 119 Stat. 4 (codified in scattered sections of Title 28, United States Code), a limited liability company is an "unincorporated association" as that term is used in 28 U.S.C. § 1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business."); *Morano v. BMW of North America, LLC*, 928 F. Supp. 2d 826 (D.N.J. 2013) (the Court held that it had subject matter jurisdiction pursuant to CAFA because BMW of North America, LLC's citizenship was where it has its principal place of business and the state under whose law it is organized (New Jersey and Delaware) and Plaintiff's citizenship was Florida); *Heckemeyer v. NRT Missouri, LLC*, 4:12CV01532 AGF, 2013 WL 2250429 (E.D. Mo. May 22, 2013), appeal dismissed (June 21, 2013) ("Congress chose to treat LLCs like corporations for purposes of determining citizenship under CAFA.").

## Parties

8.      Plaintiff Yang Chen resides in Jersey City, New Jersey. Mr. Chen has been a Hiko customer since December 2013 and, as a result of Defendant's deceptive conduct, incurred excessive charges for electricity.

9.      Defendant Hiko Energy, LLC is a company with its principal place of business located at 12 College Rd, Suite 100, Monsey, New York 10952.

## Operative Facts

10.     In the 1990s, many states restructured their electric utility industries. Among the goals of the reorganization were increased competition and deregulation within the industry, with an eye towards achieving greater consumer choice and an overall reduction of energy rates. As a result, state' electric industries are open to competition, and electricity consumers may choose their supplier of electricity.

11.     The new energy suppliers, who compete against local utilities such as Public Service Electric and Gas Company ("PSE&G"), are known as energy service companies, or "ESCOs." While ESCOs supply the power, the delivery of electricity to homes remains the job of the local utilities.

12.     As part of the deregulation plan, ESCO's, like Hiko, do not have to file the electricity rates they charge with the with public service commissions.

13.     However, Hiko takes advantage of the deregulation and the lack of regulatory oversight in the energy market to deceptively charge New York and New Jersey consumers exorbitant rates for electricity. In fact, Hiko's rates are substantially higher than the local utilities.

## Hiko Charges Deceptively High Electricity Rates

14.  Hiko uniformly and consistently markets its electricity sales using form contracts that state in bold prominent letters on the first page that Defendant offers "HIKO ENERGY GUARANTEED SAVINGS AND FREE MONTH PROMOTION," immediately followed by the representation that "Hiko will be 1-7% lower than the utility's price for the first six months of service. Afterwards, it will be rolled onto a competitive monthly variable rate." *See* Exhibit 1.

15.  Hiko also represents that "the price for all electricity sold under this Agreement shall be a Variable Rate per kWh which shall each month change and reflect the wholesale cost of electricity (including capacity, energy, balancing, settlement, ancillaries), transmission and distribution charges, and other market related factors, plus all sales and other applicable taxes, fees, charges or other assessments and HIKO's costs, expense and margins." *See* Exhibit 1.

16.  Hiko's representation that customers will enjoy guaranteed savings during the first six months of service is false.

17.  From July 2013 through December 2013, PSE&G charged Mr. Chen approximately $0.11 per kilowatt hour each month.

18.  In January 2014, Mr. Chen's first month with Hiko, the price per kilowatt hour that Hiko charged was $0.89, for a total bill of $868.64 for Mr. Chen's 976 total kilowatt hours.

19.  Had Mr. Chen been purchasing his electric supply from PSE&G, he would have been billed $107.07 based on a kWh charge of $0.109703.

20.  Therefore, Mr. Chen was charged more than eight (8) times as much for his electricity through Hiko than he otherwise would have been charged by PSE&G. And this was during a time period in which Hiko had guaranteed 1-7% savings.

21. Mr. Chen had a similar, albeit less drastic, experience in relation to his February bill.

22. In February 2014, the price per kilowatt hour that Hiko charged was $0.30 for a total bill of $257.74 for Mr. Chen's 862 total kilowatt hours. PSE&G would have charged $0.114269 per kilowatt hour for the same period, or only $98.50.

23. On March 20, 2014, Hiko informed Mr. Chen that it was reimbursing him $761.28, informing Mr. Chen that they mistakenly charged him Hiko's gas rate of $0.89 per kilowatt hour on his January bill instead of what should have been his electric rate of $0.11.

24. Importantly, the rate of $0.11 per kilowatt hour that Hiko claims that it should have charged Mr. Chen still does not represent the 1-7% savings that Mr. Chen was promised.

25. Moreover, in its communications with Mr. Chen, Hiko reaffirmed that its second bill to Mr. Chen for $0.30 per kilowatt hour "was an accurate electricity rate." This rate was nearly three times as high as PSE&G would have charged Mr. Chen for the same period.

26. Thus, far from enjoying savings, Mr. Chen paid substantially more for electricity than he would have paid had he not become a Hiko customer.

27. Hiko's representation that its prices are competitive is also false and misleading. In fact, Hiko's major competitor for Mr. Chen's business is PSE&G, and PSE&G's rates are substantially lower than Hiko's rates. Hiko does not disclose this material fact to consumers.

28. That Hiko's rates were between three (3) and eight (8) times higher than PSE&G for January and February of 2014 demonstrates that its rates are not in fact competitive.

29. Hiko's electricity rates are also substantially higher than those charged by other ESCOs.

30. Hiko's representation that its rates are based on the wholesale cost of electricity is also false and misleading. In fact, wholesale prices fall or remain steady during times that Hiko's costs rise, and Hiko's steep price increases are not wholly explained by increases in wholesale prices. The fact that other ESCOs, whose rates reflect wholesale costs, did not charge rates as exorbitantly high as Hiko's further demonstrates that the representation that Hiko's rates reflect the price of wholesale electricity is false and misleading. Hiko does not disclose these material facts to consumers.

31. Hiko's representation that its rates are based on market-related factors is also false and misleading.

32. The rates utilities like PSE&G charge are an accurate reflection of rates that are based on market factors. In other words, the electricity rates that utilities charge are an accurate measure of what rates based on prevailing market factors should be. That Hiko's rates were between three (3) and eight (8) times higher than PSE&G for January and February of 2014, and that its rates are higher than other ESCO's in the market, demonstrates that Hiko's rates are not in fact based on market factors. Hiko does not disclose these material facts to consumers.

33. The costs for capacity, energy, balancing, settlement, ancillaries, transmission and distribution charges, sales and other applicable taxes, fees, charges or other assessments and HIKO's costs, expense and margins do not account for a substantial portion of Hiko's electricity rates.

34. A reasonable consumer would understand that a rate based on wholesale costs and other market related factors would be consistent with the price charged by the local utility and other ESCOs. No reasonable consumer would expect such a rate to be three to eight times higher.

35. All that Hiko offers customers is electricity delivered by local utilities, a commodity that has the exact same qualities as electricity supplied by other ESCOs or local utilities. Other than potential prices savings, Hiko offers nothing of value that other ESCOs or local utilities do not offer.

36. Thus, Hiko's statements with respect to the electric rates it will charge are materially misleading because consumers do not receive a competitive price that reflects "the wholesale cost of electricity" and other market-related factors. Instead, consumers are charged rates that are substantially higher. Hiko fails to disclose this material fact to its customers.

37. All of these statements are materially misleading, as the most important consideration for any reasonable consumer when choosing an energy supplier is price. No reasonable consumer who knows the truth about Hiko's exorbitant rates would choose Hiko as an electricity supplier. Other than potential prices savings, there is nothing to differentiate Hiko from other ESCOs or local utilities, and the potential for price savings is the only reason any reasonable consumer would enter into a contract for electricity supply with Hiko.

38. The standard form contract that Plaintiff and other members of the proposed class signed contains a choice of law and forum selection clause that provides that any claim must be brought in a court in New York State, and that New York law governs the agreement.

## Class Action Allegations

39. Plaintiff brings this action on his own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all persons who were Hiko customers from March 14, 2008 to the present and who reside in New York or whose contract with Hiko specifies that New York law governs the agreement.

40. Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

41. This action is brought as a class action for the following reasons:

    a. The Class consists of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b. There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

        i. whether Defendant violated N.Y. G.B.L § 349 and N.Y. G.B.L § 349-d;

        ii. whether Defendant breached its contract with consumers by charging a rate higher than that provided for in the agreement;

        iii. whether Defendant breached its duty of good faith and fair dealing by charging a rate higher than justified by market related factors;

        iv. whether Defendant has been unjustly enriched as a result of its conduct;

        v. whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

        vi. whether Defendant should be enjoined from continuing to charge exorbitant undisclosed rates;

    c. The claims asserted by Plaintiff are typical of the claims of the members of the Class;

   d. Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff have retained attorneys experienced in class and complex litigation, including litigation involving consumer protection and claims against ESCO's;

   e. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant;

   f. Defendant has acted on grounds that apply generally to the Class, namely failing to deliver on its guarantee of savings, representing that its rates are based on the marjet factors or the wholesale cost of electricity when Defendant's rates are in fact substantially higher, so that final injunctive relief prohibiting Defendant from continuing its deceptive practices is appropriate with respect to the class as a whole;

   g. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

     i. Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain its ill-gotten gains;

     ii. It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

     iii. When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

    iv.  A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions;

    v.  The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

    vi.  Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate.

42. Defendant's violations of N.Y. G.B.L § 349 and N.Y. G.B.L § 349-d and the common law are applicable to all members of the Class, and Plaintiff is entitled to have Defendant enjoined from engaging in illegal and deceptive conduct in the future.

## FIRST CAUSE OF ACTION
### (Violation of N.Y. General Business Law § 349)

43. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-36 above as if fully set forth herein.

44. Through its conduct described above, Defendant has engaged in deceptive acts and practices that resulted in injury to Plaintiff and the other members of the Class.

45. By reason of the foregoing, Defendant has violated N.Y. Gen. Bus. Law § 349, and should be enjoined from representing that its prices are competitive or that consumers will enjoy guarantee savings and failing to disclose that its rates are substantially higher than those otherwise available in the market and misrepresenting that its rates are competitive and reflective of electricity costs prevailing in the market. Defendant is also liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial but not less than $50.00 for each violation, such damages to be trebled, plus attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Violation of N.Y. General Business Law § 349-d)

46.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-39 above as if fully set forth herein.

47.     N.Y. G.B.L. § 349-d(3) provides that "[n]o person who sells or offers for sale any energy services for, or on behalf of, an ESCO shall engage in any deceptive acts or practices in the marketing of energy services."

48.     N.Y. G.B.L. § 349-d(10) provides that "any person who has been injured by reason of any violation of this section may bring an action in his or her own name to enjoin such unlawful act or practice, an action to recover his or her actual damages or five hundred dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to ten thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff."

49.     Defendant knowingly and willfully misrepresented that its rates are competitive and reflective of wholesale electricity costs prevailing in the market when its rates are not, in fact, reflective of the market. Defendant also guaranteed that its customers would enjoy guaranteed savings for 6 months. Defendant knowingly and willfully fails to inform consumers of the material fact that its rates are substantially higher than those otherwise available in the market.

50.     Through its conduct described above, Defendant has engaged in deceptive acts and practices that resulted in injury to Plaintiff and the other members of the Class.

51.     By reason of the foregoing, Defendant has violated N.Y. Gen. Bus. Law § 349-d, and should be enjoined from continuing to fail to disclose that its rates are substantially higher

than those otherwise available in the market, that it does not deliver guaranteed savings, and misrepresenting that its rates are competitive and reflective of market factors. Defendant is also liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial but not less than $500.00 for each violation, such damages to be trebled, plus attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (Breach of Contract)

52. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-45 above as if fully set forth herein.

53. Plaintiff and the Class entered into valid contracts with Hiko for the provision of electricity supply. *See* Exhibit 1.

54. Pursuant to that contract Hiko guaranteed Plaintiff and the Class savings of 1-7% from the utility's price. *See* Exhibit 1.

55. Pursuant to that contract, Defendant agreed to charge a rate for electricity reflecting the "cost of electricity" and "the wholesale cost of electricity." *See* Exhibit 1.

56. Pursuant to the contract, Plaintiff and the Class agreed to pay that rate, and they did so.

57. However, Defendant failed to perform its obligations under the contract because it charged a rate that was not based on the factors upon which the parties agreed the rate would be based and failed to provide the guaranteed savings it had promised.

58. Plaintiff and the Class were damaged as a result because they were billed, and they paid, a charge for electricity that was higher than it would have been had Defendant based its rate on the agreed upon factors.

59. By reason of the foregoing, Defendant is liable to Plaintiff and the other

members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus attorneys' fees.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

60. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-53 above as if fully set forth herein.

61. By engaging in the conduct described above, Defendant has unjustly enriched itself and received a benefit at the expense of Plaintiff and the other members of the Class and Defendant and Defendant is required, in equity and good conscience, to compensate them for the damages that they have suffered as a result of Defendant's actions.

62. It would be unjust for Defendant to retain the payments Plaintiff and the Class made for excessive charges.

63. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that the Court should enter judgment against Defendant as follows:

1. Certifying this action as a class action, with a class as defined above;

2. On Plaintiff's First Cause of Action, awarding against Defendant damages that Plaintiff and the other members of the Class have suffered, trebled, statutory damages, and granting appropriate injunctive relief;

3. On Plaintiff's Second Cause of Action, awarding against Defendant damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, trebled, statutory damages, and granting appropriate injunctive relief;

4. On Plaintiff's Third Cause of Action, awarding against Defendant damages that Plaintiff and the other members of the Class have suffered;

5. On Plaintiff's Fourth Cause of Action, awarding against Defendant damages that Plaintiff and the other members of the Class have suffered;

6. Awarding Plaintiff and the Class interest, costs and attorneys' fees; and

7. Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

Dated:   March 14, 2014
         White Plains, New York

                                      **MEISELMAN, PACKMAN, NEALON, SCIALABBA & BAKER P.C.**

By:   /s/ *Todd Garber*
      Todd S. Garber
      D. Greg Blankinship
      Jeremiah Frei-Pearson
      Shin Y. Hahn
      1311 Mamaroneck Avenue
      White Plains, New York 10605
      Tel: (914) 517-5000
      Fax: (914) 517-5055
      tgarber@mpnsb.com
      gblankinship@mpnsb.com
      JFrei-Pearson@mpnsb.com
      shahn@mpnsb.com

*Attorneys for Plaintiff and the putative class*