**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

YANG CHEN on behalf of himself and all
others similarly situated,

Plaintiffs,

– *against* –

HIKO Energy, LLC,

Defendant.

No. 14-CV-1771-VB

ECF CASE

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE CLASS ACTION ALLEGATIONS**

BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

*Counsel for Defendant HIKO Energy,*
*LLC*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ....................................................................................................................3

ARGUMENT .........................................................................................................................4

  I.   THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT CANNOT EXERCISE JURISDICTION OVER THIS MATTER ...........................................5

  II.  PLAINTIFF HAS FAILED TO PLEAD CLAIMS FOR WHICH RELIEF CAN BE GRANTED ...................................................................................................................7

     A.   Count I (Section 349) Should be Dismissed....................................................7

     B.   Count II (Section 349-d) Should Be Dismissed .............................................11

     C.   Count IV (Unjust Enrichment) Should Be Dismissed.....................................12

  III.  PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN FROM THE AMENDED COMPLAINT ..............................................................................................13

     A.   Plaintiff's Class Allegations Should Be Stricken in Their Entirety ..................14

     B.   Plaintiff Cannot Advance a Class Action Under Rule 23(b)(2) ........................23

CONCLUSION....................................................................................................................24

# TABLE OF AUTHORITIES

## Cases

*Anirudh v. CitiMortgage, Inc.*, 598 F. Supp. 2d 448  (S.D.N.Y. 2009)..............................4, 6

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ..............................................................5

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52 (2d Cir. 2000)..................17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). ...........................................5, 14

*Cassese v. Washington Mut., Inc.*, 262 F.R.D. 179 (E.D.N.Y. 2009)................................16

*Clark v. McDonald's Corp.,* 213 F.R.D. 198 (D.N.J. 2003)..........................................13

*Clark-Fitzpatrick, Inc. v. Long Isl. R.R. Co.*, 70 N.Y.2d 382 (1987) ..............................12

*Cont'l Orthopedic Appliances, Inc. v. Health Ins. Plan of Greater N.Y., Inc.*, 198 F.R.D. 41
 (E.D.N.Y. 2000).................................................................................18

*Cuevas v. Citizens Fin. Grp.*, 526 Fed. App'x 19 (2d Cir. 2013) ..................................15

*Davito v. AmTrust Bank*, 743 F. Supp. 2d 114  (E.D.N.Y. 2010)......................................5

*DeBose v. Fedex Corp.*, No. 08-Civ-07042, 2009 WL 1542572  (S.D.N.Y. June 2, 2009)..................5

*Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201 (2001)................................20, 21

*Gold v. New York Life Ins. Co.,* 730 F.3d 137 (2d Cir. 2013) ......................................6

*Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314 (2002) .................................8, 9

*Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939 (1997).................................21

*In re Cablevision Consumer Litig.*, 864 F. Supp. 2d 258 (E.D.N.Y. 2012)...........................10

*In re MTBE Prods. Liability Litig.*, 209 F.R.D. 323 (S.D.N.Y. 2002) ..............................22

*In re Platinum and Palladium Commodities Litig.*, 828 F. Supp. 2d 588 (S.D.N.Y. 2011)..................5

*In re Pradaxa Prods. Liability Litigation,* MDL No. 2385, 2013 WL 3791509
 (S.D. Ill. July 18, 2013).....................................................................14, 17

*In re Transit Co. Tire Antitrust Litig.*, 67 F.R.D. 59 (W.D. Mo. 1975)..............................18

*In re Worldcom, Inc.*, 343 B.R. 412 (Bankr. S.D.N.Y. 2006) .........................................22

*Majewski v. Broadalbin-Perth Cent. School Dist.*, 91 N.Y.2d 577 (1998) ...........................21

*Mandarin Trading Ltd. Wildenstein*, 16 N.Y.3d 173 (2011).........................................13

*Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70 (S.D.N.Y. 2006)..........................6

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010)................................................18

*Newman v. RCN Telecom Servs., Inc.*, 238 F.R.D. 57 (S.D.N.Y. 2006) ..........................16, 19

*PFT of Am., Inc. v. Tradewell, Inc.,* No. 98-Civ-6413, 1999 WL 179358 (S.D.N.Y. Mar. 31, 1999).13

*Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439 (S.D.N.Y. 2005) .................10

*Ramirez v. Dollar Phone Corp.*, 668 F. Supp. 2d 448 (E.D.N.Y. 2009) ...............................23

*Richins v. Hofstra Univ.*, 908 F. Supp. 2d 358 (E.D.N.Y. 2012)...........................................7

*Samiento v. World Yacht Inc.,* 10 N.Y.3d 70 (2008) ...............................................................13

*Scott v. Bell Atlantic Corp.*, 98 N.Y.2d 314 (2002)...................................................................9

*Sirica v. Cellular Tel. Co.*, 231 A.D.2d 470 (1st Dep't 1996)................................................20

*Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43 (1999) ...................................................11

*Solomon v. Bell Atl. Corp.*, 9 A.D.3d 49 (1st Dep't 2004) ........................................16, 19, 20

*Spagnola v. Chubb Corp.*, 264 F.R.D. 76 (S.D.N.Y. 2010) ...........................................17, 19

*Spagnola v. Chubb Corp.*, 574 F.3d 64 (2d Cir. 2009)...........................................................10, 11

*Spread Enters., Inc. v. First Data Merch. Servs. Corp.*, No. 11-CV-4743, 2014 WL 724803
  (E.D.N.Y. Feb. 22, 2014).....................................................................................................15

*St. Clair Nation v. City of New York*, 14 N.Y.3d 452 (2010) ...............................................21

*Szymczak v. Nissan N. Am., Inc.,* No. 10-CV-7493, 2011 WL 7095432 (S.D.N.Y. Dec. 16, 2011) ......8

*Tongo v. Derwinski*, No. 90-Civ-4986, 1991 WL 243421 (S.D.N.Y. Nov. 14, 1991) .......................13

*Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62 (S.D.N.Y. 2013) ............................20

*Vengurlekar v. Silverline Techs., Ltd.,* 220 F.R.D. 222 (S.D.N.Y. 2003) ............................23

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) .......................................................15

**Statutes and Rules**

28 U.S.C. § 1332(d)(2) ..............................................................................................................5

28 U.S.C. § 1332(d)(3) ..............................................................................................................7

28 U.S.C. § 1332(d)(4)(B) ......................................................................................................5, 7

28 U.S.C. § 1332(d)(10) ............................................................................................................6

Fed. R. Civ. P. 12(b)(6)..............................................................................................................5

Fed. R. Civ. P. 12(f).................................................................................................................5

Fed. R. Civ. P. 23(a) ..............................................................................................14, 15, 16, 18

Fed. R. Civ. P. 23(b) ..............................................................................................14, 18, 22, 23

General Business Law § 349................................................................................................ *passim*

General Business Law § 349-d ............................................................................................ *passim*

**Legislative Materials**

N.Y. Bill Jacket, 2010 A.B.1558, Ch. 416.............................................................................12

**Administrative Materials**

State of New York Public Service Commision Order in Case 12-M-0476 (Feb. 20, 2014). ...............23

Defendant HIKO Energy, LLC ("HIKO") moves to dismiss Plaintiff Yang Chen's ("Plaintiff") First Amended Complaint, dated April 8, 2014 ("Amended Complaint" or "Compl."), or in the alternative, to strike the class action allegations, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(f).

## PRELIMINARY STATEMENT

Plaintiff's Amended Complaint should be dismissed because this Court cannot exercise jurisdiction over this matter.[1]

Plaintiff contends that this Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), but this matter falls squarely within the home-state exception to CAFA. HIKO's principal place of business is in New York State and more than two-thirds of the members of the putative class are New York residents. As a result, this Court must dismiss the Amended Complaint under the plain terms of CAFA's home-state exception. (*See below*, Section I.)

* * * * * *

Independent of any deficiencies under CAFA, Plaintiff's Amended Complaint is flawed both as a set of stand-alone claims and to the extent it purports to advance allegations on behalf of a putative class of HIKO customers.

*First,* with respect to Plaintiff's claims under New York General Business Law §§ 349 or 349-d, Plaintiff has failed to allege an injury that was caused by any allegedly deceptive conduct. As courts uniformly have found, the injury alleged in a claim under Sections 349 or 349-d must be other

---

[1] This matter involves factual allegations and claims that are very similar to the allegations and claims in *Sasso v. HIKO Energy, LLC*, 14-CV-2042-VB. HIKO has moved to dismiss that action as well. In light of the similarities between the allegations in each respective action, this memorandum of law and its supporting materials are similar to the memorandum of law and supporting materials HIKO submitted in *Sasso*.

than the injury Plaintiff claims to have suffered as a result of a breach of contract.  Here, the injury

Plaintiff alleges under Sections 349 and 349-d is precisely the damages he claims to have suffered as

a result of HIKO's purported breach of contract.  Further, as this Court and other courts have held, a

plaintiff cannot recover under Sections 349 or 349-d for transactions taking place outside New York,

such as the transaction at alleged here.  (*See below*, Section II.A, B.)

    *Second*, Plaintiff has failed to sufficiently plead a claim for unjust enrichment.  Plaintiff's

allegations depend upon showing that HIKO's acts or omissions were contrary to the terms of an

express agreement and that there would be no adequate remedy at law.  Plaintiff cannot meet those

requirements no matter how the pleadings are construed.  (*See below*, Section II.C.)

    Moreover, to the extent this Court does not dismiss the Amended Complaint, the class action

allegations set forth therein should be stricken in their entirety.  As a preliminary matter, the

purported class action allegations in the Amended Complaint are nothing more than conclusory

assertions that just track the language of Rule 23.  That is wholly insufficient under the law.  In fact,

Plaintiff has not even clearly set forth which type of class he is proposing under Rule 23(b).  Further,

it is apparent that Plaintiff cannot satisfy the requirements necessary to maintain his class action

allegations even if those allegations are considered sufficient.  There is no reason for HIKO to incur

the expense of, or for this Court to devote the resources to, addressing expensive, burdensome, and

time consuming discovery issues when no amount of discovery can cure the fatal flaws in Plaintiff's

allegations.

    For example, different contracts cover different members of the proposed class.  Indeed,

unlike Plaintiff, the overwhelming majority of the members of the proposed class are New York

residents whose respective contracts with HIKO did not include the alleged guarantee that is central

to all of Plaintiff's claims.  Other members of the proposed class have claims that are barred by the

applicable statutes of limitations or by the inapplicability of Section 349-d to the time period in which they were customers.  Plaintiff plainly does not have standing to advance claims in regards to contracts to which he was not a party or on behalf of individuals whose claims are time-barred. Still other putative class members will be subject to a defense under the voluntary payments doctrine.  In short, it is apparent without any need for discovery that Plaintiff does not have standing to allege any claims on behalf of most members of his proposed class, and cannot claim that he is typical of the class, that he shares common issues with other members of the class, that any such common issues would predominate, or that a class action would be superior to other available dispute resolution methods when Plaintiff is not at all similarly situated to most of the proposed class.  (*See below*, Section III.)

## BACKGROUND

HIKO is an energy service company ("ESCO") that has been supplying New York residents with utility services since its founding in January 2010.[2]  (Declaration of Avrohom Dickman submitted herewith ¶ 4 ("Dickman Decl.").)  HIKO, like all other ESCOs, provides an alternative to the monopoly in the supply and delivery of gas and electricity otherwise held by regulated utility companies.  (Amended Compl. ¶ 11.)  HIKO is a New York entity with its principal place of business in New York State.  HIKO did not begin to service customers in New Jersey until June 2012.  (*Id.* ¶ 9.) During the time period at issue in this litigation, as between New York and New Jersey, over 70% of the customers that HIKO serviced were New York residents.  (Dickman Decl. ¶¶ 4, 6.)  Presently, that number is closer to 80%.  (*Id.* ¶ 7.)

Plaintiff, a New Jersey resident, alleges that Defendant engaged in a deceptive marketing scheme and breached an agreement by "luring customers into switching electricity suppliers with

---

[2]  Plaintiff purports to represent a class extending back to March 14, 2008, but HIKO did not begin business in any state until January 2010, and there are no HIKO customers prior to that date.

false promises of a competitive market-based rate that delivers guaranteed savings" but then failing to satisfy those promises.  (Amended Compl. ¶ 1.)[3]  As an example of these guarantees Plaintiff cites a form contract which states that "Hiko will be 1-7% lower than the utility's price for the first six months of service.  Afterwards, it will be rolled into a competitive monthly variable rate."  (*Id.* Exh. 1.)  Plaintiff does not allege that his account is older than six months and thus does not allege that he was at any time "rolled into a competitive monthly variable rate."

Plaintiff seeks to certify a class comprising "all persons who were Hiko customers from March 14, 2008 to the present and who reside in New York or whose contract with Hiko specifies that New York law governs the agreement."  (*Id.* ¶ 39.)  Plaintiff makes no attempt to limit the class to those who received the same guarantee and executed the same contract as Plaintiff.  Nor does Plaintiff allege that all members of the putative class were deceived by the same purported misrepresentation.  Plaintiff alleges violations of New York General Business Law §§ 349 and 349-d, a claim for breach of contract, and a claim for unjust enrichment.

## ARGUMENT

Courts readily dismiss cases at the pleading stage where, as here, it is shown that an exception to CAFA jurisdiction applies.  *See, e.g.*, *Anirudh v. CitiMortgage, Inc.*, 598 F. Supp. 2d 448, 454 (S.D.N.Y. 2009) (dismissing complaint pursuant to home-state exception).  HIKO can satisfy its burden of showing that an exception to CAFA jurisdiction applies by submitting a declaration or other supporting materials showing the absence of jurisdiction.  *Id.* at 452 (district court "may consider affidavits and other materials beyond the pleadings to determine whether the plaintiff has established jurisdiction").

---

[3] For the limited purposes of this motion, HIKO accepts as true the allegations set forth in the Amended Complaint.

4

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where a plaintiff has failed "to state a claim upon which relief can be granted."  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint's factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Id.*; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Moreover, where a class allegation cannot be maintained based upon the facts alleged, a defendant may move to strike class allegations from a complaint under Rule 12(f) prior to discovery. *See, e.g.*, *Davito v. AmTrust Bank*, 743 F. Supp. 2d 114, 117 (E.D.N.Y. 2010) (striking class allegations prior to discovery); *DeBose v. Fedex Corp.*, No. 08-Civ.-07042, 2009 WL 1542572, at *2 (S.D.N.Y. June 2, 2009) (same). "Resolution of a Rule 12(f) motion is left to the district court's discretion." *In re Platinum and Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593 (S.D.N.Y. 2011).

## I.    THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT CANNOT EXERCISE JURISDICTION OVER THIS MATTER

Plaintiff does not allege any federal claims.  Plaintiff instead claims that this Court has subject matter jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2).  However, this case falls squarely within the scope of CAFA's home-state exception set forth in 28 U.S.C. § 1332(d)(4)(B), and thus this Court must decline to exercise jurisdiction here.

CAFA's home-state exception provides that a district court "shall decline to exercise jurisdiction" if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(B).  Courts regularly have dismissed matters where, as here, the criteria for application of the home-state exception have been satisfied.  *See, e.g.*, *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 143 (2d Cir. 2013) (affirming dismissal of complaint pursuant to home-state

5

exception);  *Anirudh,*, 598 F. Supp. 2d at 454 (noting that the court "lack[s] subject matter

jurisdiction" due to applicability of the home-state exception);  *Mattera v. Clear Channel Commc'ns,*

*Inc.*, 239 F.R.D. 70, 81 (S.D.N.Y. 2006) (dismissing complaint under home-state exception).

      In determining whether the home-state exception applies, a court "may consider affidavits and

other materials beyond the pleadings to determine whether the plaintiff has established jurisdiction."

*Anirudh*, 598 F. Supp. 2d at 452.  As is evident from the face of the Amended Complaint and the

Dickman Declaration submitted herewith, HIKO clearly has demonstrated that the home-state

exception applies.

      As Plaintiff concedes in his Amended Complaint, HIKO—a limited liability company formed

under the laws of the State of New York—is a citizen of New York.  (Amended Compl.¶¶ 5, 6 n.1

(citing 28 U.S.C. § 1332(d)(10) ("For purposes of [CAFA], an unincorporated association shall be

deemed to be a citizen of the State where it has its principal place of business and the State under

whose laws it is organized.").)  Plaintiff proposes a class comprising "all persons who were Hiko

customers from March 14, 2008 to the present and who reside in New York or whose contract with

Hiko specifies that New York law governs the agreement."  (Amended Compl.  ¶39.)  As set forth in

the Dickman Declaration, however, over two-thirds of members of the proposed plaintiff class are

New York residents.  Only contracts with New York and New Jersey resident contain a New York

choice of law provision, (Dickman Decl. ¶ 17), so the relevant inquiry is what portion of the proposed

class comprises New York residents and what portion comprises New Jersey residents.  Between its

founding in January 2010 and April 2014, HIKO has had 186,882 total customers in New York.  (*Id.*

at ¶ 4.)  And between the time it started providing services to customers in New Jersey in June 2012

and April 2014, HIKO had 70,094 total customers in New Jersey.  (*Id*. at ¶ 6.)  Thus, of the total

proposed class, over 72% (186,882÷256,976) are New York residents.[4]

     In short, this case involves an overwhelmingly ***New York-based*** proposed class litigating

claims under ***New York*** common law and ***New York*** statutes (that by their express terms and as

interpreted by New York courts apply only to ***New York*** transactions which are not alleged here), and

seeking relief from a ***New York*** defendant.  Based on the clear command of 28 U.S.C. §

1332(d)(4)(B), this Court cannot exercise jurisdiction and must dismiss this action.[5]

## II.    PLAINTIFF HAS FAILED TO PLEAD CLAIMS FOR WHICH RELIEF CAN BE GRANTED

     Even if this Court finds that it may exercise jurisdiction (and it may not), the Amended

Complaint still should be dismissed in part for failing to state a claim upon which relief can be

granted.

### A.  Count I (Section 349) Should be Dismissed

     In Count I of the Amended Complaint, Plaintiff alleges that HIKO violated Section 349 of the

New York General Business Law by making misrepresentations concerning its rates.  (Amended

Compl. ¶¶ 43-51.)  But Count I fails because Plaintiff has not alleged a transaction occurring in New

---

[4] During April 2014—when the Amended Complaint was filed in this action—approximately 80% of HIKO's customers were New York residents.  (Dickman Decl. ¶ 7)  Specifically, as of April 30, 2014, there were 59,315 New York customers and 15,260 New Jersey customers.  (*Id.*)

[5] Even if less than two-thirds of the putative class were New York residents, dismissal of this action nonetheless would be warranted under Section 1332(d)(3) (providing for dismissal if more than one-third but less than two-thirds of the class were residents of the same state as the Defendant and other criteria satisfied).  *See, e.g. Richins v. Hofstra Univ.*, 908 F. Supp. 2d 358, 364 (E.D.N.Y. 2012).  This case, for example, does not "involve matters of national or interstate interest," all "claims asserted will be governed by laws of the State in which the action was originally filed," New York has a "distinct nexus" with the parties and the alleged harm, and the number of putative plaintiffs from New York is substantially larger than the number of putative plaintiffs from New Jersey.  *See* 28 U.S.C. § 1332(d)(3).

York State as required by Section 349 and established case law, and Plaintiff has failed to allege any harm other than the damages he claims arose from HIKO's purported breach of contract.

*1.   Plaintiff Has Failed to Allege a Transaction Occurring Within New York State.*

As this Court has recognized, for a plaintiff to plead a sufficient claim under Section 349, there must be a transaction occurring in New York.  *See Szymczak v. Nissan N. Am., Inc.*, 10-CV-7493(VB), 2011 WL 7095432, at *12-13 (S.D.N.Y. Dec. 16, 2011) (dismissing class claims under Section 349 where plaintiffs did not allege a transaction occurring in New York).  The Court of Appeals has held that failure to plead that a transaction took place in New York requires automatic dismissal of a Section 349 claim:

> The reference in section 349(a) to deceptive practices in 'the conduct of any business, trade or commerce or in the furnishing of any service *in this state*' . . . unambiguously evinces a legislative intent to address commercial misconduct occurring within New York.  Indeed, an examination of the text of General Business Law § 349 leads us to conclude that 'in this state' can only modify 'the conduct of any business, trade or commerce [or] the furnishing of any service.'  The phrase 'deceptive acts or practices' under the statute is not the mere invention of a scheme or marketing strategy, but the actual misrepresentation or omission to a consumer…***Thus, to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York***.

*Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 324-25 (2002) (first emphasis in italics in original; second emphasis added) (citations omitted) *see also* Szymczak, 2011 WL 7095432, at *12-13.

In *Goshen*, the Court of Appeals explicitly rejected a Section 349 claim by out-of-state plaintiffs, like Mr. Chen, who had not been involved in any transaction in New York.  Plaintiff in that case claimed that the deceptive scheme was "contrived and implemented" in New York by defendants that "have extensive ties to New York and conduct business in the state."  *Id.* at 321.  The Court of Appeals held that those allegations were insufficient to plead a cause of action under Section 349, and cautioned that application of that provision to out-of-state transactions "would lead to an

8

unwarranted expansive reading of the statute, contrary to legislative intent, and potentially leading to the nationwide, if not global application of § 349." *Id.* at 325. The Court further admonished that an expansive reading of Section 349 "would tread on the ability of other states to regulate their own markets and enforce their own consumer protection laws." *Id.*

Plaintiff here does not (because he cannot) allege that any transaction occurred in New York. According to the Amended Complaint, Plaintiff is a citizen of the State of New Jersey who signed up to be a HIKO customer in New Jersey based on purported representations made to him while in New Jersey. (Amended Compl. ¶¶ 4, 14-16, *see also* Compl. Exh. 1.)[6]

*Scott v. Bell Atlantic Corp*., a companion case that the Court of Appeals decided alongside *Goshen*, is particularly instructive. *See* 98 N.Y.2d 314. There, a non-New York plaintiff claimed he was induced to purchase internet services in another state by an allegedly deceptive marketing campaign originating in New York. *Id.* The Court of Appeals held that the mere fact that the defendant in that case may have its principal place of business in New York was wholly insufficient to "state any cognizable cause of action" under Section 349. *Id.* at 326. That is precisely what Plaintiff claims here—that he was deceived by a New York-based company in New Jersey regarding services received in his New Jersey residence. Count I, therefore, should be dismissed.[7]

> ## 2. *Plaintiff Has Failed to Allege A Cognizable Injury Under Section 349.*

Even if this Court finds that the Amended Complaint alleges a transaction that occurred in New York State (and it does not), Count I still should be dismissed because Plaintiff has failed to

---

[6] Plaintiff attached a copy of his contract with HIKO to his original complaint but not to his Amended Complaint. Reference to "Exh. 1" herein, therefore, refers to the document attached to Plaintiff's original complaint, which HIKO presumes is incorporated in Plaintiff's Amended Complaint.

[7] For similar reasons and as set forth below (Section III), Plaintiff's class action allegations also should be stricken because, among other flaws, Plaintiff cannot be considered "typical" of, or claim to share commonality with, the proposed class, which comprises primarily New York residents.

plead a cognizable injury or the requisite causal connection between the alleged misconduct and any purported injury.  "To state a claim for deceptive practices under section 349, a plaintiff must show: (1) that the act, practice, or advertisement was consumer-oriented; (2) that the act, practice, or advertisement was misleading in a material respect; and (3) that the plaintiff was injured as a result of the deceptive act, practice or advertisement."  *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 444 (S.D.N.Y. 2005).

Plaintiff has failed to adequately plead an injury under Section 349.  Any loss alleged under Section 349 "must be independent of the loss caused by the alleged breach of contract."  *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009); *see also In re Cablevision Consumer Litig.*, 864 F. Supp. 2d 258, 267 (E.D.N.Y. 2012) (citing *Spagnola* and dismissing claim for rebate owed on Terms of Service agreement with cable provider).

In *Spagnola*, the defendant was an insurance company that claimed that it would index the coverage amount of a homeowner's insurance policy to the United States Consumer Price Index. *Spagnola*, 574 F.3d at 66.  In fact, the company increased both the coverage amount and the insurance premium at much higher rates.  *Id*. at 67.  Plaintiff alleged breach of contract and a violation of Section 349.  *Id*.  The Second Circuit affirmed the district court's dismissal of the Section 349 claim, noting that plaintiff had received "adequate insurance coverage" during the time period at issue and did not claim "that he did not contract for the coverage he received."  *Id*. at 74. The injury plaintiff alleged was limited to being deceived into paying more than was promised under the terms of the agreement, which amounted to nothing more than a breach of contract.

As in *Spagnola*, Plaintiff's core claim is breach of an agreement; in this case, Plaintiff contends that HIKO breached an agreement in which HIKO promised that for a period of six months, Plaintiff would pay less than he otherwise would have paid his former service provider and thereafter

would benefit from a competitive rate.  Plaintiff contends that the same conduct constitutes a deceptive act, but the only injury at issue is the additional amount that Plaintiff allegedly paid over and above what he claims was allegedly promised in his purported agreement with HIKO.[8]  That injury is precisely the damages Plaintiff seeks to recover in his breach of contract claim.  (Amended Compl. ¶ 58.)  Just as in *Spagnola* it was undisputed that defendant provided insurance coverage, it is undisputed here that HIKO supplied utilities to Plaintiff.  Also, similar to *Spagnola*, Plaintiff cannot claim that he would not have contracted at all for the supply of utilities but for HIKO's alleged misrepresentations.  Plaintiff still would have received his electricity and gas from some supplier.  Thus, the only injury he can claim as a result of entering into an agreement HIKO is that he paid more than he claims he agreed to pay, but that is the same damages he claims for breach of contract.

In sum, because Plaintiff has failed to allege a transaction that occurred in New York State or a cognizable injury, Count I should be dismissed.

### B.  Count II (Section 349-d) Should Be Dismissed

Count II—in which Plaintiff alleges a violation of Gen. Bus. Law § 349-d—should be dismissed for the same reasons that Count I (Section 349) fails.  That is, Plaintiff has failed to allege a transaction that took place in New York, or an injury apart from the alleged breach of contract.

While the case law interpreting Section 349-d is relatively sparse (it was enacted in 2011), the legislative history of Section 349-d makes clear that the New York legislature intended for the requirements for a claim under Section 349 to map onto Section 349-d.  For example, the portion of the Division of the Budget Bill Memorandum related to Section 349-d noted that "[t]he bill creates an energy service company (ESCO) Consumers Bill of Rights to provide ***New Yorkers*** with safeguards

---

[8]  Plaintiff cannot cite the deception itself as his injury.  *See Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 56 (1999) (affirming dismissal of plaintiffs' § 349 claim, which "sets forth deception as both act and injury")

related to the marketing and contractual practices of ESCOs."  N.Y. Bill Jacket, 2010 A.B. 1558, Ch. 416, at p. 20 (Emphasis added).  Similarly, in the Memorandum in Support of Legislation introducing the proposed bill to the Governor it was noted in the section titled "Effects of Present Law Which This Bill Would Alter" that the proposed bill "would augment recently-adopted PSC [Public Service Commission] guidelines for ESCO marketing, protect consumers from excessive termination fees and deceptive marketing of initial contracts and renewals, make fair marketing standard broadly enforceable on a *statewide* basis".  *Id.* at p. 12 (Emphasis added).  In the same document the Legislature noted in the section titled "Justification" that the bill "would build on the approach taken by the PSC by (1)… extending consumer protections *statewide* …."  *Id.* at p. 13 (Emphasis added).  It thus is clear that Section 349-d was intended to function in the same way as Section 349—to prevent deceptive practices against consumers related to New York transactions—not to become the basis for multi-state class actions against entities that happen to be based in New York.

Nor does the history of the statute indicate that the legislature sought, in Section 349-d, to do away with causation and injury requirements.  In fact, Section 349-d (10) limits the private right of action to "any person *who has been injured by reason of* any violation of this section …" (Emphasis added).  As noted above, Plaintiff cannot satisfy these requirements because he has alleged the same injury arising from a purported breach of contract, which cannot suffice.  Accordingly, Count II should be dismissed.

### C.  Count IV (Unjust Enrichment) Should Be Dismissed

It is well-established that "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."  *Clark-Fitzpatrick, Inc. v. Long Isl. R.R. Co.*, 70 N.Y.2d 382, 388 (1987).  There simply is no set of circumstances in which his unjust enrichment claim can survive.  If

there were an express contract between the parties and Plaintiff succeeds in showing it was breached, he would have no basis to recover on a theory of quasi-contract. If, however, Plaintiff fails to show a breach of any contractual term, he necessarily will be unable to show a misrepresentation on the part of HIKO because Plaintiff alleges the same representation as a contractual term and as a deceptive act.  Put differently, he will be unable to show that it would be "against equity and good conscience to permit [HIKO] to retain" money paid to HIKO for energy services that HIKO provided.  *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011).  Likewise, if Plaintiff's claims under Section 349 or 349-d survive, he will have an adequate remedy available at law, which necessarily would require dismissal of his unjust enrichment claim.  *See Samiento v. World Yacht Inc.,* 10 N.Y.3d 70, 81 (2008) (affirming dismissal of claim for unjust enrichment "as plaintiffs have an adequate remedy at law" under § 349).

Accordingly, Count IV should be dismissed because it cannot survive under any circumstances.

## III.     PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN FROM THE AMENDED COMPLAINT

Where, as here, the requirements of Rule 23 cannot be satisfied, a court should strike "that part of the complaint that seeks to assert an action on behalf of a class." *Tongo v. Derwinski*, No. 90-civ.4986, 1991 WL 243421, at *3 (S.D.N.Y. Nov. 14, 1991). *See also PFT of Am., Inc. v. Tradewell, Inc.*, No. 98-Civ.-6413, 1999 WL 179358, at *2 (S.D.N.Y. Mar. 31, 1999) (granting motion to strike class allegations where Plaintiff failed to adequately plead necessary factors under Rule 23); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n. 3 (D.N.J. 2003) (recognizing that defendant may move to strike class action allegations prior to discovery where complaint demonstrates that the requirements for maintaining a class cannot be met). Plaintiff cannot satisfy the requirements of Rule 23.

### A. Plaintiff's Class Allegations Should Be Stricken in Their Entirety

As an initial matter, Plaintiff's class allegations should be stricken because they are nothing more than "[t]hreadbare recitals" of the requirements of Rule 23, "supported by conclusory statements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also In re Pradaxa Prods. Liability Litig.*, MDL No. 2385, 2013 WL 3791509, at *4 (S.D. Ill. July 18, 2013) (striking class allegations prior to discovery where "plaintiff's class allegations amount to nothing more than a mere recital of the elements in Rule 23"). For example, in support of his claim of typicality, Plaintiff baldly offers that "[t]he claims asserted by Plaintiff are typical of the claims of the members of the class." (Amended Compl. ¶ 41(c).) Plaintiff does not even trouble himself to identify what type of class action he is proposing under Rule 23(b), instead advancing a recitation of the elements of each type of class under Rule 23(b). (Amended Compl. ¶ 41(e)-(g).) Having failed to meet the most basic of pleading requirements, Plaintiff's class allegations should be stricken from the Amended Complaint.

Even if the class allegations had been properly pled, it is clear from the other allegations in the Amended Complaint that the class allegations should be stricken in their entirety. Plaintiff does not have standing to represent the overwhelming majority of the proposed class and cannot satisfy the commonality requirement of Rule 23(a)(2), the typicality requirement of Rule 23(a)(3), and the predominance and superiority requirements of Rule 23(b)(3). No amount of discovery can cure the defects in Plaintiff's case. As a result, there is no need to have the parties engage in expensive and burdensome discovery before striking the class action allegations in their entirety.

### 1. *Plaintiff lacks standing and cannot show commonality*

Plaintiff contends that the common questions of law and fact are "whether Defendant violated N.Y. G.B.L. § 349 and N.Y. G.B.L. § 349-d"; "whether Defendant breached its contract with

consumers by charging a rate higher than that provided for in the agreement"; "whether Defendant breached its duty of good faith and fair dealing by charging a rate higher than justified by market related factors"; "whether Defendant has been unjustly enriched as a result of its conduct"; "whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof"; and "whether Defendant should be enjoined from continuing to charge exorbitant undisclosed rates." (Amended Compl. ¶ 41(b).)  Plaintiff's purported common questions are nothing more than conclusory recitations of the causes of action Plaintiff advances.  As the Supreme Court has stated, the commonality requirement does "not mean merely that [plaintiffs] have all suffered a violation of the same provision of law." *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  Plaintiff must instead allege that "[t]heir claims…depend upon a common contention", *id.,* which Plaintiff has failed to do.

Not only are Plaintiff's allegations plainly insufficient recitations of causes of action, it is already apparent that different class members received different agreements, and thus Plaintiff does not have standing to represent, and cannot purport to share commonality with, most of the members of the proposed class. "Rule 23(a)(2)'s commonality prerequisite requires a showing that Plaintiffs' claims 'depend upon a common contention…[that is] of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Cuevas v. Citizens Fin. Grp.*, 526 Fed. App'x 19, 21 (2d Cir. 2013) (quoting *Dukes*, 131 S. Ct. at 2551).   Courts readily have found that breach of contract claims involving multiple agreements—as is the case here—do not satisfy the commonality requirement of Rule 23(a)(2).  *See Spread Enters., Inc. v. First Data Merch. Servs. Corp.*, No. 11-CV-4743, 2014 WL 724803, at *19-20 (E.D.N.Y. Feb. 22, 2014) (commonality requirement not satisfied because "Plaintiff cannot advance a collective breach of contract action on

15

the basis of multiple contracts.") (internal quotations omitted).  Put simply, "a class action plaintiff

does not have standing to sue defendants for a breach of contract to which the plaintiff was not a

party." *Cassese v. Washington Mut., Inc.*, 262 F.R.D. 179, 184 (E.D.N.Y. 2009).  Nor do Section 349

claims that involve multiple potential statements satisfy Rule 23(a)'s commonality requirement.  *See,*

*e.g.*, *Newman v. RCN Telecom Servs., Inc.*, 238 F.R.D. 57, 77 (S.D.N.Y. 2006) ("'[C]lass certification

is not appropriate where the plaintiffs do not point to any specific advertisement or public

pronouncement by the [defendants]…which was undoubtedly seen by all class members.'") (quoting

*Solomon v. Bell Atl. Corp.*, 9 A.D.3d 49, 52-53 (1st Dep't 2004)).

As set forth in the Dickman Declaration, HIKO used different contracts over time and New

York residents received different contracts than New Jersey residents.  ((Dickman Decl. ¶ 8; Exhibits

1-2.)  Significantly, ***none*** of the New York contracts included any guarantee regarding savings over

rates charged by utilities, a guarantee which is central to all of Plaintiff's claims; nor did many of the

New Jersey contracts.  (Dickman Decl. ¶ 14; Exhibit 3.)  Putative plaintiffs that executed contracts

that are different from the contracts Plaintiff executed (such as every single New York resident) will

have a different set of issues, different claims, and will be subject to different defenses than Plaintiff.

The resolution of the question of whether Plaintiff's individual contract has or has not been breached,

or whether the statement upon which Plaintiff relies was in fact actionable and caused a cognizable

injury, will not—and cannot—dispose of the issues for most of the proposed class.  With respect to

the fundamental claims and defenses in this action, therefore, Plaintiff shares nothing at all in

common with the vast majority of his proposed class.

Plaintiff thus not only lacks basic standing to advance claims on behalf of class members who

entered into contracts that contained materially different terms than the one Plaintiff executed—and,

thus necessarily purport to have been injured by different alleged misrepresentations—he also cannot satisfy the commonality requirement needed to prosecute a class action.

### 2. *Typicality*

Plaintiff baldly contends that "[t]he claims asserted by Plaintiff are typical of the claims of the members of the Class."  (Amended Compl. ¶ 41(c).)  Plaintiff's singular allegation of typicality is wholly insufficient and wrong.  *See In re Pradaxa*, 2013 WL 3791509, at *4 (striking class allegations which were "nothing more than a mere recital of the elements in Rule 23").

The typicality requirement of Rule 23(a)(3) requires that "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove defendant's liability."  *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 93 (S.D.N.Y. 2010).  "While it is settled that the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification, class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation."  *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000).

Plaintiff here is subject to numerous unique defenses cited above.  He does not even have standing to advance claims on behalf of most of the proposed class, who are individuals who entered into different contracts than the one he claims he executed.  Additionally, Plaintiff is subject to unique defenses with regards to his claims under Sections 349 and 349-d: Plaintiff, a New Jersey resident, has failed to allege a New York transaction, or a cognizable injury.   Plaintiff cannot purport to typify a class in which, at minimum, over 70% of the members have claims or defenses that are fundamentally different from Plaintiff's claims or defenses.

### 3. Predominance

Even if Plaintiff is able to satisfy the requirements of Rule 23(a), Plaintiff also will be required to satisfy the requirements for certification under Rule 23(b)(3), because Plaintiff seeks money damages on behalf of the class.  A putative class action is maintainable under Rule 23(b)(3) when "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).

Rule 23(b)(3)'s predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation" in order to "ensure that the class will be certified only when it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).  "The common question requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) overlap." *Cont'l Orthopedic Appliances, Inc. v. Health Ins. Plan of Greater N.Y., Inc.*, 198 F.R.D. 41, 44 (E.D.N.Y. 2000).  "However, the predominance requirement is far more stringent than the common question requirement." *Id.* "Even though it may be found that class members may have claims based on a common set of facts which may give rise to liability, it may be that defenses, damages, and the standards by which they are measured may differ substantially." *In re Transit Co. Tire Antitrust Litig.*, 67 F.R.D. 59, 73 (W.D. Mo. 1975).

In this case, individualized issues inevitably will dominate this litigation and prevail over any common questions.  Those individual issues include ones described above, such as failure to satisfy the requirements to plead a claim under Sections 349 or 349-d and availability of the statute of limitations defense to certain members of the putative class.  They also include the voluntary

payments defense, the availability of other processes through which members of the proposed class have been reimbursed or can be reimbursed without the cost and burden of class action litigation, and individualized damages.

For example, in both breach of contract claims and claims under Section 349 the voluntary payment doctrine "bars recovery of payments voluntarily made with full knowledge of the facts." *Solomon v. Bell Atl. Corp.*, 9 A.D.3d 49, 55 (1st Dep't 2004); *see also Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 98 (S.D.N.Y. 2010) (denying class certification of Section 349 and breach of contract claims in part because class claims would be subject to individual voluntary payment defenses); *Newman v. RCN Telecom Servs., Inc.*, 238 F.R.D. 57, 78 (S.D.N.Y. 2006) (denying class certification of Section 349 claim where plaintiff had voluntarily paid internet bills after being aware of problems with service). Plaintiff incorrectly seeks to establish a class dating back to 2008, when HIKO had not yet even been formed. To the extent Plaintiff's proposed class instead is defined from the time HIKO was formed in 2010, that class undoubtedly will include class members who became HIKO customers and who made payments to HIKO. Those class members are not entitled to damages under New York common law or Sections 349 and 349-d under the voluntary payment defense. In the event Plaintiff prevails on his claims (and he will not) countless individual mini-trials would be necessary to determine which class members are actually entitled to compensation and which ones are not based on the voluntary payment doctrine, the statute of limitations, whether the claimant has received reimbursement through other means, and other defenses.

Moreover, customers can seek reimbursement through other means. Plaintiff contends that absent a class action, members of the proposed class would be without a remedy and without any practical ability to seek reimbursement. That is false.

HIKO sets forth a procedure in its contracts through which customers can dispute their bills. Thus, customers who contend that they have been overcharged can call HIKO directly, or file a complaint with the appropriate regulatory body.  (Exh. 1 at ¶14.)  Any customers who receive compensation through this process are not entitled to further compensation as class members.  *See Solomon*, 9 A.D.3d at 55 (holding that the receipt of billing credits would bar any claims under § 349); *Sirica v. Cellular Tel. Co.*, 231 A.D.2d 470, 471 (1st Dept' 1996) (denying class certification of breach of contract in view of defendant's "credit policy").   As courts have found, the availability of a similar dispute resolution process will inevitably raise individual issues which will predominate over any class questions.  *See Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 74 (S.D.N.Y. 2013) ("XM's ability to assert a defense based on the existence of credits and refunds also raises individual issues.  Under New York law, a plaintiff who has received billing credits as compensation for defendant's allegedly deceptive practices is prohibited from asserting a GBL § 349 claim…. Accordingly, the inability to prove the injury element of GBL § 349 through common evidence coupled with the existence of individual defenses vitiates plaintiff's ability to satisfy Rule 23(b)(3)'s predominance requirement.") (citations omitted).  Indeed, Plaintiff and some members of the proposed class already have been reimbursed.  HIKO reviewed the electricity rates charged to its customers and noticed that an incorrect rate was inadvertently used in January 2014 to calculate electricity invoices for some customers (who are members of the proposed class).  HIKO fully reimbursed those customers—including Plaintiff—for the erroneous overcharge.  (Amended Compl. ¶ 23; Dickman Decl. ¶¶ 18-19.)

Furthermore, statute of limitations concerns also will predominate over common questions in this litigation. The statute of limitations for claims under Sections 349 and 349-d is three-years. N.Y.C.P.L.R. 214(2); *Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 209 (2001).  A cause

of action under Sections 349 and 349-d accrues "when all of the factual circumstances necessary to establish a right of action have occurred, so that plaintiff would be entitled to relief." *Gaidon,* 96 N.Y.2d at 210.  For example, *Gaidon* involved allegations that a life insurance company had engaged in a deceptive marketing scheme that "created unrealistic expectations as to the prospects of premium disappearance." *Id.* at 211.  The cause of action in that case accrued when plaintiffs were required to make additional premium payments beyond the period in which they were led to believe they would be required to make premium payments.  *Id.* at 211-12.

Here, the cause of action for HIKO's New York customers would accrue as of the time that they first received a utility bill from HIKO that charged a rate higher than the rate that the customer purports that he or she should have received (as set forth above, New York customers—most of the proposed class—cannot contend there was a breach of a guarantee or a misrepresentation arising therefrom because contracts for New York residents did not include a guarantee, and New Jersey residents cannot bring a claim based on Sections 349, 349-d.).   Accordingly, at a minimum, this Court should strike any class allegations purporting to recover under Sections 349 and 349-d for any charges received prior to April 8, 2011.

Finally, even if Count II (Section 349-d) is timely for members of the proposed class who are New York customers (and it is not), no member of the class can recover under Section 349-d for any conduct that occurred prior to January 10, 2011, the date upon which New York General Business Law § 349-d took effect.  "It is well settled under New York law that retroactive operation of legislation 'is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it.'" *St. Clair Nation v. City of New York*, 14 N.Y.3d 452, 456-57 (2010) (quoting *Majewski v. Broadalbin-Perth Cent. School Dist.*, 91 N.Y.2d 577, 584 (1998)).  Federal courts take a similar approach to retroactivity.  *See Hughes Aircraft Co. v.*

*U.S. ex rel. Schumer*, 520 U.S. 939, 947 (1997) (noting "the presumption against retroactivity"). There is nothing indicating that § 349-d was intended to have retroactive effect and therefore no member of the proposed class can recover under Section 349-d for any conduct prior to January 10, 2011 and any allegations that would provide for recovery prior to that date should be stricken from the Amended Complaint.

### 4. Superiority

Plaintiff must also show "That a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

Here, there are at least two other methods for resolving customer disputes that will be superior to the filing of the class action Plaintiff has alleged.  One is the use of HIKO's own dispute resolution process.  (*See above*, Section III.A.3.); *In re Worldcom, Inc.*, 343 B.R. 412, 429 (Bankr. S.D.N.Y. 2006) (finding the plaintiff failed to satisfy superiority requirement when "WorldCom maintains certain customer service programs, policies, and practices, all of which are designed to ensure customer satisfaction.").  Additionally, the New York Public Service Commission makes a dispute resolution process available to consumers.  *See, e.g.*, *In re MTBE Prods. Liability Litig.*, 209 F.R.D. 323, 350 (S.D.N.Y. 2002) (holding that "use of the class device in this case is not superior to a combination of individual suits and state agency relief").

In sum, Plaintiff's class allegations are beset by problems already apparent at this stage of the litigation that prevent Plaintiff from prosecuting the claims in the Amended Complaint on behalf of others and that will make a class action unmanageable.   Those defects cannot be cured or tested through discovery.  Accordingly, Plaintiff's class allegations should be stricken.

**B.  Plaintiff Cannot Advance a Class Action Under Rule 23(b)(2)**

While Plaintiff does not clearly identify which type of class action he is advancing, Plaintiff

purports to advance a class action under Rule 23(b)(2), which permits class actions that seek that seek

"final injunctive relief or corresponding declaratory relief" where such relief "is appropriate

respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2); (Amended Compl. ¶ 41(f).)  However,

Plaintiff may not avoid the predominance and superiority requirements of Rule 23(b)(3) by simply

adding a request for equitable relief and restyling the complaint as a class action under Rule 23(b)(2).

"As a general rule, class certification under Rule 23(b)(2) is improper if the primary relief sought by

the action is monetary damages."  *Vengurlekar v. Silverline Techs., Ltd.*, 220 F.R.D. 222, 228

(S.D.N.Y. 2003) (quotations omitted)   There is no doubt in the instant case that Plaintiff

predominantly seeks damages.

Moreover, it would be inappropriate for this litigation to proceed as a 23(b)(2) class action

when New York administrative bodies already have provided (or are in the process of providing) the

relief sought by Plaintiff.  The Public Service Commission recently has enacted new rules regarding

ESCO pricing disclosures after a lengthy notice and comment period.  *See* State of New York Public

Service Commission Order in Case 12-M-0476, dated Feb. 20, 2014, *available at*

documents.dps.ny.gov./public/Common/ViewDoc.aspx.  These rules will require price disclosures,

such as historic bill calculators, that the Commission expects to be helpful while rejecting other

disclosures, such as bill comparisons between ESCOs, which may mislead consumers when

considered out of context.  An injunction or declaratory judgment issued by this Court could upset the

regulatory balance the Public Service Commission is seeking to create.  This action simply cannot

proceed as a 23(b)(2) where the injunctive relief sought "is best achieved by administrative regulation

rather than through repetitive, overlapping civil actions."  *Ramirez v. Dollar Phone Corp.*, 668 F.

Supp. 2d 448, 468 (E.D.N.Y. 2009) (declining to certify Rule 23(b)(2) class action where regulation would be the more appropriate response to the conduct at issue in the litigation).

## CONCLUSION

For all of the foregoing reasons, this Court should dismiss the Amended Complaint in its entirety because it cannot exercise jurisdiction under the clear mandate of the home-state exception. To the extent this Court determines that it can exercise jurisdiction (and it cannot), it should dismiss Counts I, II, and IV for failure to state a claim, or strike all class action allegations.

Dated: May 30, 2014

**BOIES, SCHILLER & FLEXNER LLP**
/s/ Motty Shulman_____
Motty Shulman (MS-0351)
William D. Marsillo (WM-1841)
333 Main Street
Armonk, NY 10504
(914)749-8200