# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re HIKO ENERGY LLC Litigation

No. 14-CV-01771 (VB)

## SETTLEMENT AGREEMENT

Subject to the approval of the Court, Plaintiffs Yang Chen, Lawrence Sasso, Audrey Bogdanski, Michael Kantor, and Erin Spillman ("Plaintiffs" or "Named Plaintiffs"), acting individually and on behalf of the Settlement Class as defined herein, and Defendant HIKO Energy, LLC ("HIKO") enter into this Settlement Agreement ("Agreement") as of this 2nd day of November 2015. Plaintiffs and HIKO are collectively referred to herein as the "Parties" and each individually as a "Party."

**I.  RECITALS**

1.    Plaintiff Yang Chen filed a class action complaint against HIKO on March 14, 2014, styled *Chen v. HIKO Energy, LLC*, Civil Action No. 14-01771-VB, in the United States District Court for the Southern District of New York. On March 24, 2015, Lawrence Sasso filed a class action complaint against HIKO, styled *Sasso v. HIKO Energy, LLC*, Civil Action No. 14-CV-2042-VB. On July 7, 2014, Plaintiffs Chen and Sasso filed a consolidated class action complaint ("the Consolidated Complaint"). The Chen and Sasso Actions were consolidated by the Court on August 8, 2014.

2.    On August 7, 2014, HIKO moved to dismiss the Consolidated Complaint, or in the alternative to strike the class allegations. On December 29, 2014, the Court granted in part,

denied in part HIKO's motion to dismiss, and denied HIKO's motion to strike the class allegations from the Consolidated Complaint.

3.      On January 13, 2015, HIKO answered the Consolidated Complaint.

4.      On October 7, 2014, plaintiff Audrey Bogdanski filed a class action complaint against HIKO, styled *Bogdanski v. HIKO Energy, LLC,* Civil Action No. 14-cv-01948, in the United States District Court for the Middle District of Pennsylvania.

5.      On March 13, 2015, the Bogdanski Action was transferred to this Court, where it bears the docket number 15-CV-02025 (VB) (the "Bogdanski Action").

6.      On June 1, 2015, the Bogdanski Action was consolidated with Chen and Sasso Actions ("the Consolidated Action").

7.      On September 29, 2014, plaintiff Michael Kantor filed a class action complaint styled *Kantor v. HIKO Energy, LLC,* Civil Action No. 14-cv-05585-TJS in the United States District Court for the Eastern District of Pennsylvania ("the Kantor Action").

8.      On February 2, 2015, HIKO moved to dismiss, or in the alternative strike the class allegations of the Kantor Action. The Court denied HIKO's motion on April 14, 2015.

9.      Defendant HIKO answered the complaint in the Kantor Action on May 1, 2015.

10.      On May 21, 2015, plaintiff Erin Spillman filed a class action complaint styled *Spillman v. HIKO Energy, LLC* in the Supreme Court for the State of New York County of New York ("the Spillman Action").

11.      Thereafter, the Parties met telephonically and in person to discuss a comprehensive settlement of the claims of the Named Plaintiffs and the putative class.

12.     On August 4, 2015, the Parties participated in day-long mediation with Vivien B. Shelanski, Esq. of JAMS and were able to reach agreement on relief for the class.  A "Memorandum of Understanding" was agreed to and executed by representatives of the Parties.

13.     The Parties recognize and acknowledge the benefits of settling these cases. Plaintiffs believe that the claims asserted in this case have merit and that the evidence developed to date supports their claims.  Despite the strengths of their case, Plaintiffs are mindful of the problems of proof under, and possible defenses to, the claims in this matter.  Plaintiffs further recognize and acknowledge the expense and length of time it would take to prosecute this matter against HIKO through trial, post-trial proceedings, and appeals.  Counsel for Plaintiffs have taken into account the uncertain outcome and risks of the litigation, including HIKO's ability to pay, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appeals.  Counsel for Plaintiffs have, therefore, determined that the Settlement set forth in this Agreement is fair, reasonable and adequate.  The Settlement confers substantial benefits upon, and is in the best interests of, the Plaintiffs and the Settlement Class (hereafter defined).

14.     HIKO maintains that it has a number of meritorious defenses to the claims asserted in these actions.  Nevertheless, HIKO recognizes the risks and uncertainties inherent in litigation, the significant expense associated with defending class actions, the costs of any appeals, and the disruption to its business operations arising out of class action litigation.  HIKO also recognizes the risk that a trial on class-wide claims might present.  Accordingly, HIKO believes that the Settlement set forth in the Agreement is likewise in its best interests.

## II. SETTLEMENT TERMS

### A. Definitions

1. "Agreement" refers to this Settlement Agreement.

2. "Cash Option Cap" refers to a $60.00 maximum amount payable to any Current Customer or Former Customer regardless of the number of Customer Months Enrolled or the number of meters associated with the customer.

3. "Claim Deadline" means the last date on which a Claim Form may be submitted. The Claim Deadline will be 120 days from the entry of the Preliminary Approval Order and not less than 60 days after the first date on which claims may be filed with the Settlement Administrator; however, if the 120th day after the entry of the Preliminary Approval Order falls on a weekend or federal holiday, then the Claim Deadline shall be the next day that is not a weekend or federal holiday.

4. "Claim Form" means the form, substantially in the form attached hereto as Exhibit A, whether in electronic or "hard copy," that will be completed by Class Members and submitted to the Settlement Administrator in order to receive benefits under the Settlement.

5. "Class Counsel" means D. Greg Blankinship and Todd S. Garber and the firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP.

6. "Class Members" mean consumers who fall within the definition of the Settlement Class and do not timely opt out as provided herein.

7.    "Class Notice" means the notice of pendency and proposed settlement of class action that the Settling Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement. The Class Notice, which will be available to class members on the website created and maintained by the Settlement Administrator, shall be substantially in the form of Exhibit B to this Agreement.

8.    "Class Period" means any time up to and including the Preliminary Approval Date.

9.    "Class Representatives" refer to Plaintiffs Yang Chen, Lawrence Sasso, Audrey Bogdanski, Michael Kantor, and Erin Spillman.

10.   "Court" refers to the United States District Court for the Southern District of New York.

11.   "Complaints" means, collectively: (i) the Consolidated Complaint; (ii) the Complaint in the Bogdanski Action; (3) the Complaint in the Kantor Action; and the Complaint in the Spillman Action.

12.   "Credit Option Cap" refers to a $175.00 maximum credit amount which will be credited  to any Current Customer regardless of the number of Customer Months Enrolled or the number of meters associated with the customer.

13.   "Current Customer" means any Class Member who:  (a) was a customer of HIKO as of December 31, 2014; and (b) is a customer of HIKO on both (i) the Preliminary Approval Date and (ii) the date on which the Final

Approval Order is entered. Any Class Member who is not a Current Customer is a "Former Customer," as defined below.

14. "Customer Month Enrolled" means: (a) for customers of HIKO electricity, a 30 day period, or (b) for customers of HIKO gas, a 30 day period, but not less than one month. For customers enrolled in both HIKO electricity service and HIKO gas service, the number of "Customer Months Enrolled" is the greater of (a) or (b).

15. "Defendant" refers to HIKO Energy, LLC.

16. "Effective Date" means the tenth day after the date on which all of the following conditions are satisfied:

    a. Execution of this Agreement by the Named Plaintiffs and HIKO;

    b. Entry of the Final Approval Order and Judgment by the Court approving the Settlement embodied in this Agreement;

    c. The passage of the earliest date on which: (i) the time for taking an appeal from the Final Approval Order and Judgment has expired, without any appeal having been taken; or (ii) if an appeal is taken, the highest court to which such appeal may be taken affirms the Final Approval Order and Judgment or dismisses the appeal without, in either case, any modification of the Final Approval Order and Judgment that is in any respect unsatisfactory to the Parties.

17. "Fairness Hearing" or "Final Approval Hearing" means a hearing to be held by the Court, on notice to the Settlement Class, to consider approval

of the Settlement and Class Counsel's motion for approval of attorneys' fees and reimbursement of costs and expenses. The Parties will ask the Court to schedule a Fairness Hearing approximately 90 days from the entry of the Preliminary Approval Order.

18. "Final Approval Order" means the Order granting final approval to the Settlement, which should not be entered sooner than 90 days after the appropriate state and federal officials have been served with notice of the Settlement in accordance with the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715(b). HIKO agrees to provide the Court and Class Counsel promptly with the date(s) of service of said notices, and to use its best efforts to serve said notices promptly after execution of this Agreement by the Named Plaintiffs and HIKO.

19. "Former Customer" means any Class Member who is **not** a customer of HIKO on both (i) the Preliminary Approval Date and (ii) the date the Final Approval Order is entered, but who **was** a HIKO customer prior to or as of December 31, 2014.

20. "Individual Settlement Amount" means the monetary amount calculated as of the end date of the Class Period that is allocated to each Class Member. The Settlement Administrator will be charged with determining the applicable Individual Settlement Amount for each Class Member in accordance with data provided by HIKO after review and approval by Class Counsel.

21. "Named Plaintiff Enhancement Awards" means the monetary amount awarded by the District Court in recognition of the assistance provided by the Named Plaintiffs in the prosecution of this action, the amount of which is as set forth in Section II.H.1.

22. "Opt-Out" means a request by a Class Member to be excluded from the Settlement Class, by following the procedures set forth in the Class Notice.

23. "Opt-Out Period" means the period that begins the day after the date on which the Notice is first mailed or published, and that ends no later than 30 days prior to the Final Approval Hearing.

24. "Opt-Out Deadline" means the last date on which a Class Member may request to be excluded from the Settlement Class. The Opt-Out deadline will be specified in the Notice.

25. "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

26. "Preliminary Approval Order" means the Order preliminarily approving the Settlement, certifying the Settlement Class for the purposes set forth in this Agreement, and approving the form of notice to potential Class Members.

27. "Released Claims" means and includes any and all manner of actions, causes of action, suits, accounts, claims, demands, controversies, judgments, obligations, damages and liabilities of any nature whatsoever, whether or not now known, suspected or claimed, that were asserted, or

could have been asserted by or on behalf of Plaintiffs in this action, or that could have been asserted by or on behalf of any Class Member against any Released Person, that relate to or arise out of the conduct alleged in the Complaints or similar conduct (including but not limited to marketing violations or any rates HIKO charged for the supply of electricity or natural gas under any agreement, understanding, or program, whether a guaranteed variable rate, non-guaranteed variable rate, or otherwise), and wherever the alleged conduct or similar conduct may have occurred.

28. "Released Persons" means HIKO and its parents, subsidiaries, affiliates, predecessors, successors and assigns, as well as all of their respective current and former officers, directors, members, stakeholders, owners, employees, agents, attorneys and insurers.

29. The "Settlement" shall mean the settlement embodied in this Agreement.

30. "Settlement Administrator" means the person or entity selected by HIKO with the agreement of Class Counsel and appointed by the Court to perform the role of settlement administrator and all related tasks including those set forth in Section II.D. below. HIKO, with the agreement of Class Counsel, has selected Rust Consulting to be the Settlement Administrator.

31. "Settlement Class" is defined as follows:

All persons who were customers of HIKO Energy, LLC, during the Class Period provided they were HIKO customers prior to or as of December 31, 2014.

Excluded from the Settlement Class are: HIKO Energy, LLC; any of its parents, subsidiaries, or affiliates; any entity controlled by either of them; any officer, director, employee, legal representative, predecessor, successor, or assignee of HIKO Energy, LLC; any person enrolled in a HIKO affinity program; and any person who has previously released claims that will be released by this Settlement.

32.    "Summary Notice" means the notice of pendency and proposed settlement of class action that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement that will be mailed to Class Members. The Summary Notice, which will be available to class members on the website created and maintained by the Settlement Administrator, shall be substantially in the form of Exhibit C to this Agreement.

## B.    Class Certification

The Parties agree that the Consolidated Action may be certified as a class action under Fed. R. Civ. P. 23(a) and (b)(3) in accordance with the terms of this Agreement and without prejudice to HIKO's right to contest class certification in the event that this Agreement fails to become effective or is not fully implemented in accordance with its terms. If the Settlement is not approved or this Agreement fails to be fully implemented, HIKO reserves all rights to object to any subsequent motion to certify a class in this or any other lawsuit and no representation or concession made in connection with the Settlement or this Agreement shall be considered law of the case or an admission by HIKO or to have any kind of preclusive effect against HIKO or to give rise to any form of estoppel or waiver by HIKO in these actions or any other proceeding.

HIKO expressly denies any and all liability and/or wrongdoing with respect to any and all of the claims alleged in these lawsuits and any similar lawsuits and enters into this Settlement solely to compromise a disputed claim. Accordingly, any references to the alleged business practices of HIKO in this Settlement, this Agreement or the related Court hearings and processes shall raise no inference respecting the propriety of those business practices or any other business practices of HIKO.

### C. Class Counsel

The Parties agree, subject to Court approval, that D. Greg Blankinship and Todd S. Garber, and the firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP shall be appointed Class Counsel, without prejudice to HIKO's right to contest the appointment in the event that this Agreement is not fully implemented in accordance with its terms. If the Settlement is not approved or this Agreement fails to be implemented fully, HIKO reserves all rights to object to any subsequent motion to appoint class counsel in these or any other actions. Solely for purposes of this Agreement, HIKO does not dispute Class Counsel's representation that the other law firms involved in the prosecution of the Complaints contributed to the resolution of this matter and are, subject to court approval, entitled to attorney fees and reimbursement of reasonable costs, to be determined by the Court.

### D. Settlement Administrator

The Settlement Administrator will be responsible for all aspects of claims administration in accordance with the terms of its engagement, including without limitation: (a) creating and maintaining a database of names and addresses of class members in accordance with information provided by HIKO; (b) comparing that database with a national change of address database; (c) printing and mailing notices, each with an assigned unique claim number; (d) compiling information on and re-sending any returned notice(s); (e) maintaining a call center that enables class members to hear automated responses to frequently asked questions; (f) developing and maintaining a website for the purposes of notice and Claim Form administration; (g) providing blank Claim Forms by mail to those Class Members who request one; (h) collecting and compiling completed Claim Forms that are submitted using means other than via the secure website; (i) compiling a list of Class Members who submit properly completed Claim Forms, verifying that claimants are Class Members, and otherwise verifying the accuracy and

completeness of the Claim Forms; (j) calculating the proper Individual Settlement Amount for each Class Member; (k) distributing appropriate Individual Settlement Amounts to those Class Members who, on or before the Claim Deadline, submitted accurate and complete Claim Forms; (l) distributing Sign-Up Bonus certificates provided by HIKO to Class Members choosing the Sign-Up Bonus Option described in Section II.G.2.b below; (m) distributing Credit certificates provided by HIKO to Class Members choosing the Credit Option described in Section II.G.1.a below; and (n) providing to HIKO a list of Class Members choosing the various options described in Section II.G below. HIKO will pay all costs relating to the Settlement Administrator up to an amount not to exceed the amount set forth in the agreement between HIKO and Rust Consulting (the Settlement Administrator) but under no circumstances greater than $250,000.

### E.    Notice

The Parties will be jointly responsible for agreeing upon the form and language of the notice to the Settlement Class and they agree to cooperate in drafting that notice and ensuring that notice complies with the requirements of Federal Rule of Civil Procedure 23 and due process, subject to Court approval.  Copies of the proposed notice to the Settlement Class shall be served and filed with the motion for Preliminary Approval.

Within 45 days after the Court grants Preliminary Approval substantially in the form of the order attached hereto as Exhibit D, a short-form Notice to the Settlement Class will be provided by United States Mail, postage prepaid, in a preprinted postcard format.  Notice to former customers of HIKO will be provided in the same manner, mailed to their last known addresses as reflected in records reasonably available to HIKO.  The long-form notice will be available on the website to all Settlement Class members.

No later than 20 days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Court compliance with the notice provisions of this Section II.D.

**F.    Website**

The Settlement Administrator will create and maintain a website to provide, among other things, copies of the long-form notice discussed in the preceding section hereof, this Agreement, the Settlement Administrator's and Class Counsel's contact information, certain selected pleadings and Court Orders from the Consolidated Action, a method for the electronic submission of Claim Forms at the appropriate time, and a method for requesting the Claim Form(s) by mail.

**G.    Settlement Amounts**

In order to qualify for a payment Class Members must timely submit a completed Claim Form (substantially in the form of Exhibit A). This can be done on the Settlement Website. Class Members may also submit a paper copy of the Claim Form by mail. All Claim Forms must be submitted using the Settlement Website or postmarked no later than ___ days after the date the Notice is mailed by the Settlement Administrator. In consideration for the Settlement and Releases given herein, HIKO will make available to each Class Member who submits a completed Claim Form one of the following:

   1.    Current Customers shall have the option of receiving either:

   a.    A credit on the Current Customer's future HIKO energy bills, of $6.00 per Customer Month Enrolled to be credited to the customer over the lesser of (i) a number of months equaling the Customer Months Enrolled or (ii) nine months (the "Credit Option") subject to the Credit Option Cap; or

   b.    A check payable to the Current Customer, in the amount of $3.00 per Customer Month Enrolled ("the Cash Option") subject to the Cash Option Cap.

2.     Former Customers shall have the option of receiving either:

    a.     The Cash Option set forth at Section II.G.1.b, subject to the Cash Option Cap; or

    b.     A credit of $75 on the Former Customer's next HIKO energy bill, should the Former Customer agree to purchase energy from HIKO for at least three months ("the Sign-Up Bonus Option").

It is understood that a given Class Member may receive or have received electric or natural gas supply service at more than one location, and therefore, may have had more than one account with HIKO, which may correspond to more than one Individual Settlement Amount. A Class Member may receive a separate Individual Settlement Amount for each such account but the payment received by any Class Member is subject to Sections II.G.1 and II.G.2, as applicable, and the total payment cannot exceed the Credit Option Cap or the Cash Option Cap.

The Settlement Amounts described in this Section II.G will be available on a "claims made" basis and HIKO will fund valid claims only insofar as actually claimed before the Claim Deadline.

All Class Members who submit a Claim Form must sign (or, in the case of claims made on-line on the Settlement Administrator's website, electronically confirm), as part of the claim form, an attestation under penalty of perjury that: (i) they (or their business) are/were a named account holder with HIKO Energy, LLC during the Class Period; (ii) they were a customer of HIKO prior to or as of December 31, 2014; (iii) they did not already receive a credit for or waiver of fees and charges for which they released any claims against HIKO Energy, LLC; (iv) they did not have their account balance discharged due to bankruptcy or receivership; and

(v) they acknowledge that submission of the claim form waives any opt-out rights that they may otherwise have.

Class Members who are paid by check shall have 90 days within which to cash those checks. Upon the expiration of that time period, any check not cashed with the time period allotted will become void. The voiding of any such check by the passage of time as described in this paragraph shall not serve to invalidate the release given in Section II.K hereof by any Class Member who failed timely to negotiate his or her check.

**H.    Other Payments by HIKO**

1.    HIKO shall be responsible to pay reasonable plaintiffs' attorneys' fees and costs, as well as Named Plaintiff Enhancement Awards. HIKO has agreed to pay Class Counsel attorneys' fees, costs, and expenses in an amount to be approved by the Court, of up to $975,000. HIKO has agreed to pay Named Plaintiff Enhancement Awards in an amount to be approved by the Court of up to $4,000 each for Mr. Chen, Mr. Sasso, Ms. Bogdanski, Mr. Kantor and Ms. Spillman. HIKO agrees to pay the Court-approved amounts to Class Counsel within thirty days of the Effective Date.

2.    HIKO shall be responsible to pay the costs of notice to the class and administration of the settlement up to an amount not to exceed the amount set forth in the agreement between HIKO and Rust Consulting but under no circumstances greater than $250,000. Rust Consulting has been selected as the Settlement Administrator after a review and comparison of estimates made available by claims administration services contacted by both Parties. Efforts have been made to minimize the costs of notice and

administration, including all costs relating to the Settlement by and through Rust Consulting.

## I.     Full and Final Settlement

The Parties agree that this action is being voluntarily settled after consultation with experienced legal counsel and that terms of the Settlement were negotiated at arm's length and in good faith. The Parties intend the Settlement to be a final and complete resolution of the Released Claims. In order to effectuate that purpose, the Parties agree to cooperate with one another and use their best efforts to obtain Court approval of the Settlement and this Agreement.

## J.     Good Faith Effort to Resolve Other Pending Litigation

Plaintiff and counsel in the New York state court action captioned *Erin Spillman v. HIKO Energy, LLC*, Index No. 651798/2015 have agreed not to opt out and not to object to this Settlement and to agree to the voluntary dismissal of that action with prejudice in light of this Agreement without the necessity of HIKO pleading the Settlement and Release as a bar to the claims made in that action.

## K.     Release

Upon the Effective Date and without any further action by the Court or by any Party to this Agreement, Plaintiffs and the Class Members and all of their administrators, executors, personal representatives, heirs, agents, attorneys, assigns, predecessors and successors, for good and sufficient consideration, the receipt and adequacy of which is acknowledged, shall be deemed to, and shall, in fact, have remised, released and forever discharged any and all Released Claims, which they, or any of them, had or has or may in the future have or claim to have against any of the Released Persons.

## III.   PROCEDURES FOR EFFECTUATING SETTLEMENT

### A.   Preliminary Approval

Promptly after the execution of this Agreement, Plaintiffs will move the Court for an order preliminarily approving this Agreement and requesting that the Court approve the form and content of the short-form and long-form Notices to the Class, substantially in the forms of Exhibits B and C to this Agreement, as described in Section II.E above, and:

1.   certifying the Settlement Class, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4) and (b)(3), with Plaintiffs Yang Chen, Lawrence Sasso, Audrey Bogdanski, Michael Kantor, and Erin Spillman appointed as Class Representatives for the Settlement Class and counsel for Plaintiffs and the Settlement Class as Class Counsel for the Settlement Class;

2.   setting the date of the Fairness Hearing, upon notice to the Settlement Class, to consider:

   a.   whether the Settlement should be approved as fair, reasonable and adequate and whether the Released Claims of the Settlement Class against the Released Persons should be dismissed with prejudice;

   b.   Class Counsel's motion for an award of attorneys' fees, costs and expenses; and

   c.   the Named Plaintiff Enhancement Awards.

Class Counsel will file motions on topics III.A.2.a, b, and c at least ten days prior to the date of the Fairness Hearing.

Upon the filing of Plaintiff's Motion for Preliminary Approval, counsel for HIKO will provide notice of the Settlement to the appropriate officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 with the costs of such notice to be paid by HIKO.

**B.      Treatment of Potential Opt Outs and Objectors**

Subject to an Order of the Court so providing, the Parties agree that:

1.      <u>Opt Outs</u>

Any potential Class Member, other than any Named Plaintiff, may elect to be excluded from this Settlement and from the Settlement Class by opting out of the Settlement Class. Any potential Class Member who desires to be excluded from the Settlement Class must give written notice of the election to be excluded on or before the date specified in the Notices described in Section II.E, with copies mailed to Class Counsel and counsel for HIKO. Opt Out requests must: (i) be signed by the Class Member who is requesting exclusion; (ii) include the full name, address, and phone number(s) of the Class Member requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the <u>Hiko Energy Litigation</u>." No request for exclusion will be valid unless all of the information described above is included. No Class Member, or any person acting on behalf of or in concert or participation with that Class Member, may exclude any other Class Member from the Settlement Class. The last date for Class Members to opt out of the Settlement will, subject to Court approval, be 60 days after Notice is last provided pursuant to the Preliminary Approval Order. Class Members who timely opt out of the Settlement will not be bound by the terms of this Agreement, including any releases contained herein.

In the event that ten percent (10%) or more of the Settlement Class opts out, HIKO shall have the option to elect to terminate this Agreement, in which circumstance the Settlement will

become null and void and the parties will return to the *status quo ante* as described in Section III.E below.

The Class Representatives affirmatively support this Settlement and agree not to opt out of this Settlement. None of the Class Representatives, Class Counsel, HIKO, or its counsel shall in any way encourage any Class Member to opt out or discourage any Class Member from participating in this Settlement.

2.    <u>Objections</u>

Any Class Member who wishes to object to the Settlement must file a written objection and/or a notice of intention to appear before the Court at the Fairness Hearing, and serve copies on Class Counsel and counsel for HIKO. To be heard at the Fairness Hearing, the Class Member must make any objection in writing and file it with the Clerk of Court by the Opt-Out and Objection Deadline. The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (i) Class Counsel via D. Greg Blankinship, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, 1311 Mamaroneck Avenue, Suite 220, White Plains, NY 10605; and (ii) HIKO's Counsel via Motty Shulman, Boies, Schiller & Flexner LLP, 333 Main Street, Armonk, NY 10504. Any objection must: (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm that the objector is a Class Member; (b) include a statement of such Class Member's specific objection(s); (c) state the grounds for objection; and (d) identify any documents which such objector desires the Court to consider. In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. If the Settlement Class Member or his, her or its counsel has not objected to any other class action

settlement in the United States in the previous five years, he, she or it shall affirmatively so state in the objection. The last day for Class Members to object to the Settlement will be 60 days after Notice is last provided pursuant to the Preliminary Approval Order.

###### C.    Approval of the Court

This Agreement and the Settlement embodied herein are subject to Final Approval by the Court substantially in the form of the order attached hereto as Exhibit E. If the Settlement is approved, the Court will enter a judgment dismissing the claims against HIKO with prejudice. Parties waive any right to appeal or collaterally attack a Final Approval Order entered by the Court.

If this Agreement or any part of it is materially modified by the Court or is materially modified upon appeal or remand, either Party may terminate this Agreement pursuant to Section III.D. If no Party timely elects to terminate, then the Parties shall remain bound to the Settlement as so modified. For purposes of this paragraph, a "material modification" is one that significantly affects the rights or obligations of one or more of the Parties. Without limiting the foregoing and by way of illustration only, (a) any change to the scope of the Release set forth in this Agreement; (b) any change to the Final Approval Order, or (c) any increase in the cost of the Settlement to be borne by HIKO shall be deemed to be a material modification. No order or action of the Court pertaining to attorneys' fees or expenses shall be considered to constitute a material modification so long as such order, action or modification does not increase the cost of Settlement to be borne by HIKO and does not require that HIKO do anything not specifically set forth herein. Similarly, no order or action of the Court pertaining to the Named Plaintiff Enhancement Awards shall be considered to constitute a material modification so long as such order, action or modification does not increase the cost of Settlement to be borne by HIKO and does not require that HIKO do anything not specifically set forth herein. Any dispute as to the

materiality of any modification or proposed modification of this Agreement shall be resolved by the Court.

### D.    Termination of Agreement

This Agreement shall terminate: (a) automatically if the Court fails to approve the Agreement; (b) at the election of either Party, in the event of any proposed material modification of this Agreement as a condition to approval of the Settlement; or (c) prior to approval of this Agreement by the Court, upon the mutual agreement of the Parties by and through their respective counsel.

### E.    Effect of Termination of Agreement

If this Agreement is terminated, each Party shall return to his, her, or its respective status as of August 4, 2015, and they shall proceed in all respects as if this Agreement had not been executed and any related orders had not been entered, preserving all of their respective claims and defenses.

## IV.    MISCELLANEOUS PROVISIONS

### A.    Costs

Except as otherwise provided in this Agreement, each Party shall bear its own costs and expenses.

### B.    Entire Agreement

This Agreement, together with the Exhibits hereto, constitutes the entire agreement between the Parties with respect to the subject matter of the Settlement and supersedes all prior negotiations, communications, memoranda and agreements between the Parties. Neither Named Plaintiffs nor HIKO are entering into this Agreement in reliance upon any representations, warranties or inducements other than those contained in this Agreement.

### C.    Amendments

This Agreement may be modified or amended only by (a) an order of the Court, or (b) a writing signed by (i) Class Counsel, and (ii) counsel for HIKO.

### D.    Extensions of Time

The Parties may jointly request that the Court allow reasonable extensions of time to carry out any of the provisions of the Agreement without formally amending this Agreement.

### E.    Plaintiffs' Authority

Class Counsel represent and warrant that they are authorized to take all appropriate actions required or permitted to be taken by or on behalf of the Named Plaintiffs and, subsequent to an appropriate Court Order, the Class in order to effectuate the terms of this Agreement and are also authorized to enter into appropriate modifications or amendments to this Agreement on behalf of the Named Plaintiffs and, subsequent to an appropriate Court Order, the Class Members.

### F.    Counterparts

This Agreement may be executed in one or more counterparts, all of which together shall be deemed to be one and the same instrument. The Parties agree that a copy of the executed counterparts may be filed with the Court in connection with the motion to approve the Settlement, either in portable document format or some other suitable electronic form, as an exhibit to Plaintiffs' Motion for Preliminary Approval without the need to collate and file a copy with original signatures.

### G.    Cooperation

The Parties shall cooperate with the Settlement Administrator to the extent reasonably necessary to assist and facilitate the Settlement Administrator in carrying out its duties and

responsibilities. The Parties will also cooperate so that Class Counsel may have such confirmatory discovery as is reasonably necessary in connection with this Agreement.

**H.  Binding Nature**

This Agreement shall be binding upon the heirs, executors, administrators, successors and assigns of the Plaintiffs, Class Members and HIKO.

**I.  Construing the Agreement**

This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been initially drafted by counsel for only one of the Parties. It is recognized that this Agreement is the result of arm's-length negotiations between the Parties and it is acknowledged that all Parties have contributed substantially to the preparation of this Agreement, accordingly, the doctrine of *contra proferentum* shall not apply in construing this Agreement, nor shall any other such similar doctrine apply.

**J.  Choice of Law**

This Agreement shall be governed by and interpreted in accordance with the substantive common law of the State of New York, exclusive of choice of law principles.

**K.  Jurisdiction**

The Parties submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing this Agreement or implementing any part of the Settlement embodied in this Agreement.

**L.  Headings**

The captions and headings employed in this Agreement are for convenience only, are not a part of the Agreement, and shall not be used in construing or interpreting the Agreement.

*(Signature pages follow)*

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of the
date and year first above written.

By: _____ _Chenyang_ _____
    Yang Chen, individually
and for the proposed class


By: _____
    Lawrence Sasso, individually
and for the proposed class


By: _____
    Audrey Bogdanski, individually
and for the proposed class


By: _____
    Michael Kantor, individually
and for the proposed class

By: _____
    Erin Spillman, individually
and for the proposed class

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of the date and year first above written.

By: _____
    Yang Chen, individually
and for the proposed class

By: _____
    Lawrence Sasso, individually
and for the proposed class

By: _____
    Audrey Bogdanski, individually
and for the proposed class

By: _____
    Michael Kantor, individually
and for the proposed class

By: _____
    Erin Spillman, individually
and for the proposed class

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of the date and year first above written.


By: _____
     Yang Chen, individually
and for the proposed class


By: _____
     Lawrence Sasso, individually
and for the proposed class

By: _____
     Audrey Bogdanski, individually
and for the proposed class


By: _____
     Michael Kantor, individually
and for the proposed class

By: _____
     Erin Spillman, individually
and for the proposed class

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of the date and year first above written.

By: _____
    Yang Chen, individually
and for the proposed class


By: _____
    Lawrence Sasso, individually
and for the proposed class


By: _____
    Audrey Bogdanski, individually
and for the proposed class


By: _____
    Michael Kantor, individually
and for the proposed class


By: _____
    Erin Spillman, individually
and for the proposed class

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of the
date and year first above written.

By: _____
    Yang Chen, individually
    and for the proposed class

By: _____
    Lawrence Sasso, individually
    and for the proposed class

By: _____
    Audrey Bogdanski, individually
    and for the proposed class

By: _____
    Michael Kantor, individually
    and for the proposed class

By: _____
    Erin Spillman, individually
    and for the proposed class

24

For HIKO Energy, LLC,

Harvey Klein
CEO, HIKO Energy, LLC

# Exhibit A

# CLAIM FORM

## In re HIKO ENERGY LLC Litigation No. 14-CV-01771 (VB) (S.D.N.Y.) (the "Action")

### (Please Print or Type)

**Instructions:  Please fill out the following form completely and submit it to:**

Rust Consulting
**(Settlement Administrator)**

To be eligible to participate in the settlement, this form must be postmarked by _____.
You can also fill out this form online at www._____.com

Name: Address: 
_____

(Street) 
_____

_____

           (City)                        (State)     (Zip)

Claim Number: 
_____

I wish to participate in the settlement of this Action and select the following as my form of compensation.

Cash Option:      [    ]

Credit Option:[1]      [    ]

Sign-Up Option:[2]      [    ]

I declare under penalty of perjury I am a current or former HIKO customer and that the foregoing is true and correct.

Dated: _____      Signed: _____

## CLAIMS MUST BE POST MARKED NO LATER THAN _____

---

[1] To receive the Credit Option you must be a current HIKO customer.
[2] To Receive the Sign-Up Option you must re-enroll with HIKO.

{00273685 }

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re HIKO ENERGY LLC Litigation | **Civil Action No. 14-01771** |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT

This Notice is to inform you of a proposed settlement of a class action lawsuit pending against HIKO Energy, LLC ("HIKO" or "Defendant"). **As described below, this class action lawsuit is brought on behalf of all persons in the United States who were an electricity or gas customer of HIKO during the Class Period provided they were HIKO customers prior to or as of December 31, 2014.**

HIKO's records indicate that you may be a member of the Class. This Notice affects your legal rights and is given to you pursuant to Rule 23 of the Federal Rules of Civil Procedure. Please read this document carefully.

<u>YOU ARE NOT BEING SUED</u>. THIS NOTICE IS TO ADVISE YOU OF YOUR LEGAL RIGHTS IN CONNECTION WITH THE PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT.

### SUMMARY OF THIS LAWSUIT

This notice is not an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by either side in this lawsuit. The sole purpose of this notice is to inform you of the proposed settlement of the lawsuit and your rights.

This lawsuit is pending in the United States District Court for the Southern District of New York. It is a consolidation of actions brought by Plaintiffs Yang Chen, Lawrence Sasso, and Audrey Bogdanski on behalf of themselves and all persons in the United States with similar claims.

Plaintiffs alleged that HIKO, an independent energy supplier (or "ESCO"), made misleading representations, contrary to its obligations under applicable laws. Plaintiffs also alleged that HIKO's rates were not, as it claimed in its consumer contracts, based on "market related factors," but instead were higher than prevailing market rates. Plaintiffs also allege that HIKO's rates were not reflective of the market because rates sometimes rose or remained steady when prevailing average market rates declined.

Similar allegations have been made by Plaintiffs Michael Kantor and Erin Spillman in other class action lawsuits pending in the United States District Court for the Eastern District of Pennsylvania and the New York Supreme Court, respectively.

HIKO is defending against and denies all such allegations, and contends that its rates were adequately disclosed and reasonably related to the relevant markets for electric and gas service.

The Court has not ruled on the merits of the claims asserted on behalf of Plaintiffs and the Class, nor has it ruled on the merits of HIKO's defenses.

## DEFINITION OF THE CLASS

On _____, 2015, the United States District Court for the Southern District of New York certified this lawsuit to proceed as a class action for purposes of the proposed settlement.

The Class is defined as:

> All persons who were customers of HIKO Energy, LLC during the Class Period provided they were HIKO customers prior to or as of December 31, 2014.

Excluded from the Settlement Class are: HIKO; any of its parents, subsidiaries, or affiliates; any entity controlled by any of them; any officer, director, employee, legal representative, predecessor, successor, or assignee of HIKO; any customers enrolled in a HIKO affinity program; and any person who has previously released claims that will be released by this Settlement.

In a class action, one or more persons are appointed to represent the interests of all persons with similar claims or defenses. In this case, the Court appointed Mr. Chen, Mr. Sasso, Ms. Bogdanski, Mr. Kantor, and Ms. Spillman to serve as the Class Representatives. The Court also approved D. Greg Blankinship and Todd S. Garber, and the firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, to serve as attorneys for the Class.

This Notice is being sent solely for the purposes of: (i) informing you that this lawsuit is pending; (ii) informing you that the Court has certified the lawsuit to proceed as a class action for purposes of settlement; (iii) advising you that the parties have reached agreement on a proposed settlement, and explaining the terms of the proposed settlement and how you can make a claim; and (iv) advising you of your rights with respect to the proposed settlement.

## SUMMARY OF THE PROPOSED SETTLEMENT

Each class member can select from among settlement options, depending upon whether he or she is a "Current Customer" or a "Former Customer." A "Current Customer" means any class member who (a) was a customer of HIKO as of December 31, 2014 and (b) is a customer of HIKO both (i) on the Preliminary Approval Date (_____) and (ii) at the time of the Final Approval Order (_____) is entered. Any class member who is not a customer of HIKO both (i) on the Preliminary Approval Date and (ii) at the time of the Final Approval Order is entered, but who was a HIKO customer as of December 31, 2014, is a "Former Customer."

**Current Customers:** Current Customers may elect to receive a cash payment ("the Cash Option"). Customers who select this option will receive a check. The amount of a customer's check will be calculated this way: the customer will receive $3.00 per month[1] enrolled with HIKO, up to a maximum amount of $60.00. For example, a customer who chooses the Cash Option and who has been enrolled with HIKO for eight months (or was previously enrolled with HIKO for eight months) will receive a check in the amount of $24. A customer who chooses the Cash Option and has been enrolled with HIKO for 20 months (or was previously enrolled with HIKO for 20 months) will receive a $60 check.

As an alternative to the Cash Option, Current Customers can instead choose to receive a credit on the Current Customer's future HIKO energy bills. The amount will be calculated this way: the customer will receive a credit of $6.00 per month enrolled with HIKO, up to a maximum of $175.00. This credit will be applied to the customer's bills over the lesser of (i) a number of months enrolled or (ii) nine months (the "Credit Option"). For example, a Current Customer who chooses the Credit Option and has been enrolled with HIKO for eight months will receive a $6 credit on eight consecutive future HIKO energy bills (meaning the total credit would be $48). A Current Customer who chooses the Credit Option and has been enrolled in HIKO for 20 months will receive a $120 credit over nine consecutive months (meaning a credit of $13.33 would be applied to each invoice over a period of nine months).

**Former Customers:** Former Customers can choose to receive the same Cash Option described above that is available to Current Customers.

As an alternative to the Cash Option, Former Customers can instead choose to receive a credit of $75 on the Former Customer's energy bill, should the Former Customer re-enroll with HIKO and remain a HIKO customer for three months or more ("the Sign-Up Bonus Option"). The Sign-Up Bonus is the same for each Former Customer who chooses it, irrespective of how long the Former Customer was previously enrolled with HIKO. So, for example, a Former Customer is eligible to receive the same $75 credit whether the Former Customer was a HIKO customer for one (1) month or eight (8) months.

In exchange for the relief outlined above, class members who do not opt out of the settlement (as described below) will relinquish their right to bring claims on their own behalf, including claims for monetary relief, and Class members will not be able to sue HIKO on the same or any related claims. The proposed settlement does not mean that any law was violated or that HIKO did anything wrong. Plaintiffs and Class Counsel think the proposed settlement is fair, and in the best interests of all Class members.

---

[1] "Customer Month Enrolled" means: (a) for customers of HIKO electricity, a 30 day period, or (b) for customers of HIKO gas, a 30 day period, but not less than one month. For customers enrolled in both HIKO electricity service and HIKO gas service, the number of "Customer Months Enrolled" is the greater of (a) or (b).

## YOUR RIGHTS AS A CLASS MEMBER

1.      The Court authorized this Notice because you have a right to know about the proposed settlement and about your options before the Court decides whether to give final approval to the settlement. This Notice explains the lawsuit, the proposed settlement, and your legal rights.

2.      To remain a member of the Class, as described above, **you do not have to file any document with the Court or** take any other action at this time. If you do not want to participate in this proposed settlement and you want to retain the right to sue HIKO about the legal issues in this case, then you must take steps to exclude yourself from the proposed settlement. This is called asking to "opt out" of the Class. If you exclude yourself, or "opt out," you cannot object to the proposed settlement. If you ask to be excluded, however, you may sue or be part of a different lawsuit against HIKO concerning its rates. If you exclude yourself, you will not be bound by anything that happens in this lawsuit. Unless you exclude yourself, you give up the right to sue HIKO for all of the claims that the proposed settlement resolves.

3.      To exclude yourself from the proposed settlement, you must state your intention to do so in writing, submitted by U.S. Mail to the Settlement Administrator, Rust Consulting, at the address below. You must include your full name, address, signature, date, and, to the extent you can identify it, the time period during which you received electricity or natural gas supplied by HIKO. To be considered valid, a request for exclusion must set forth all of this information and must be timely received. You must mail copies of your request for exclusion postmarked by _____, 2015 to:

HIKO Energy LLC Settlement Administrator
c/o Rust Consulting
**ADD ADDRESS**

You cannot ask to be excluded on the phone, by email, or on the Internet.

4.      You or your attorney may file an appearance in this case with the Clerk at your own expense if you desire. Otherwise, unless you decide to exclude yourself from the Class, you will be represented by Class Counsel. You will not personally have to pay Class Counsel any attorneys' fees, costs or expenses for their professional services, but such fees, costs and expenses to be paid by Defendant may be awarded to them by the Court. HIKO has agreed to pay attorneys' fees, costs, and expenses in an amount to be approved by the Court, of up to $975,000. The Court may award less than that amount.

5.      If you disagree with any aspect of the proposed settlement and you do not opt out of the settlement, you may express your views to the Court in writing. The Court will consider your views. In your written objection, be sure to include the following:

(1)      the name and title of the lawsuit, *In re HIKO Energy LLC Litigation*, Civil Action No. 14-01771;

(2)      your full name, address, telephone number, and signature;

(3)     to the extent you can identify it, the time period during which you received electricity or natural gas supplied by HIKO.

Your written objection also should include a statement of the reasons why you object to the proposed settlement, and any documentation supporting your objection. If you intend to appear at the Final Approval Hearing to be heard, your written objection must state that you intend to do so (as explained in the section on "The Final Approval Hearing" below). Send copies of any objection to the Court, Class Counsel, and HIKO's Counsel listed below, postmarked no later than _____ 2015.

| COURT | CLASS COUNSEL | HIKO'S COUNSEL |
|-------|---------------|----------------|
| Clerk of the Court<br>United States Courthouse<br>300 Quarropas Street<br>White Plains, NY 10601 | D. Greg Blankinship<br>Finkelstein, Blankinship, Frei-<br>Pearson & Garber LLP<br>1311 Mamaroneck Avenue<br>White Plains, NY 10605 | Motty Shulman<br>Boies, Schiller & Flexner<br>LLP<br>333 Main Street<br>Armonk, NY 10504 |

Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be entitled to be heard at the Final Approval Hearing.

## FINAL APPROVAL HEARING

1.      The Court will hold a Final Approval Hearing (also known as a "Fairness Hearing") at ____ a.m./p.m. on _____, 2015 in Courtroom 620 of the United States District Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601. At the Final Approval Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court also will consider Class Counsel's request for attorneys' fees, costs, and expenses, and a proposed incentive award of $____ each for Mr. Chen, Mr. Sasso, and Ms. Bogdanski, and an incentive award of $ _____ each for Mr. Kantor and Ms. Spillman, plaintiffs named in similar lawsuits, in recognition of their time and energy devoted to serving and representing the Class. If there are objections to the settlement, the Court will consider them. After the Final Approval Hearing, the Court will decide whether to approve the proposed settlement. You do not need to attend the Final Approval Hearing. Class Counsel will answer any questions the Court may have regarding the Class's position regarding the settlement. However, you are welcome to attend the hearing at your own expense. If you send a written objection to the Court, you do not have to come to the Final Approval Hearing to have that objection considered. As long as you mailed your written objection on time, the Court will consider it. You may have your own lawyer attend the Final Approval Hearing (at your expense), but it is not necessary that you do so in order for the Court to consider your written objection. For you or your personal lawyer to speak at the Final Approval Hearing, you must send a letter or other written document to the Court as specified above. You should clearly mark your letter or document as your "Notice of Intent to

Appear" in *In re HIKO Energy LLC Litigation*, Civil Action No. 14-01771. Be sure to include your name, address, telephone number, the time period in which you received electricity or natural gas from HIKO (to the extent you can identify it), and your signature. You also must include information about what you intend to say at the hearing. You must also send copies of your written objections to the Court, Class Counsel, and HIKO's Counsel at the addresses listed above. Any written objection must be postmarked no later than _____, 2015. The Court will decide if you will be allowed to speak at the Final Approval Hearing.

## OTHER MATTERS

1.      Please do ***not*** call the Court or the Clerk of the Court about this case. If you have questions, you should contact your own attorney or direct your inquiries to the attorneys for the Class, D. Greg Blankinship and Todd S. Garber, Finkelstein, Blankinship, Frei-Pearson & Garber LLP, 1311 Mamaroneck Avenue, White Plains, New York 10605, (914) 298-3281.

2.      This Notice is only a summary of the proposed settlement of this lawsuit. All pleadings and documents, including the full Settlement Agreement, have been filed with the Clerk of the Court and may be reviewed or copied in the office of the Clerk of the United States District Court for the Southern District of New York. This Notice is sent only to advise you of the proposed settlement of this lawsuit and your rights with respect thereto.

Dated:      White Plains, NY
            _____, 2015

By Order of the Court
CLERK OF THE COURT
United States District Court
Southern District of New York

# Exhibit C

A settlement has been reached with HIKO in a class action lawsuit claiming that HIKO made wrongful statements about its electricity and natural gas rates. HIKO denies all of the claims in the lawsuit. The parties have agreed to settle the dispute to avoid the cost and risk of a trial. The Class (which includes you) is comprised of anyone who purchased electricity or natural gas from HIKO during the Class Period provided they were HIKO customers prior to or as of December 31, 2014.

**What are the terms of the settlement?** Class members currently enrolled with HIKO and who make a claim can receive a monetary award, the amount of which will depend on how long the class member was a HIKO customer. A Class member who chooses this option can receive $3 for each month he or she was a HIKO customer ("Cash Option"). In the alternative, Class members currently enrolled with HIKO can choose to receive a credit on future HIKO bills of $6 for each month the Class member has been a HIKO customer up to a maximum of $175. The credit amount will be credited over one to nine months. Class members who are not currently enrolled with HIKO can choose to receive the same Cash Option described above or instead can choose to receive a $75 credit on future HIKO bills provided they re-enroll with HIKO and remain a HIKO customer for at least 3 months.

**How to Get Benefits?** Use the code on the front of this postcard to input information that will be necessary to determine the payment or credit amount to which you may be entitled and to submit your Claim Form online by ____, 2016. Forms that can be submitted by mail are also available for downloading at WWW.XXXX.COM or by calling 1-888-XXX-XXXX.

**Your Other Options.** If you don't want to be bound by the settlement, you must exclude yourself by sending a letter to the return address on the other side of this card by ____, 2016. Unless you exclude yourself you won't be able to sue HIKO for any claim asserted in this lawsuit or released by the Settlement Agreement. If you stay in the settlement, you may object to it or ask for permission for you or your own lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections and requests to appear must be in writing and are due by ____, 2016. More information, including details on how to opt-out or object, is in the detailed notice and materials available at the website. The Court will hold a hearing on ____, 2016 to consider whether to approve

(00274337 )

the settlement and to award attorneys' fees and awards for the Class Representatives.

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re HIKO ENERGY LLC Litigation

Civil Action No. 14-01771

**[PROPOSED] ORDER APPROVING PLAINTIFFS' UNCONTESTED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**THIS CAUSE** is before the Court on Plaintiffs' Uncontested Motion for Preliminary

Approval of Class Action Settlement. Having reviewed the Motion, the Settlement Agreement,

the Declaration of D. Greg Blankinship, and the record in this case, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

**Preliminary Approval of Settlement Agreement**

1.  The Court finds for the purposes of preliminary approval, that the proposed

settlement, as set forth in the Parties' Settlement Agreement, is fair, reasonable, adequate, and in

the best interests of the Class. The Court further finds that the Settlement was entered into at

arm's length by highly experienced counsel. The Court therefore preliminarily approves the

proposed Settlement.

**Class Certification**

2.  The Court conditionally certifies, pursuant to Federal Rule of Civil Procedure

23(a) and 23(b)(3), a Settlement Class defined as:

> All persons who were customers of HIKO Energy, LLC during the
> Class Period provided they were customers prior to or as of
> December 31, 2014.

Excluded from the Settlement Class are: HIKO Energy, LLC; any of its parents, subsidiaries, or

affiliates; any entity controlled by either of them; any officer, director, employee, legal

representative, predecessor, successor, or assignee of HIKO Energy, LLC; any person enrolled in a HIKO affinity program; and any person who has previously released claims that will be released by this Settlement.

3.      Pursuant to the Settlement Agreement, and for Settlement purposes only, the Court finds as to the Settlement Class that:

(a) the Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class;

(c) the claims of the named Plaintiffs are typical of the claims of the Class;

(d) the named Plaintiffs will fairly and adequately protect the interests of the Class;

(e) questions of law and fact common to class members predominate over any questions affecting only individual Class members; and,

(f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      The Court appoints Plaintiffs Yang Chen, Lawrence Sasso, Audrey Bogdanski, Michael Kantor, and Erin Spillman as Representatives of the Settlement Class.

5.      The Court appoints D. Greg Blankinship and Todd S. Garber, and the firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as Class Counsel to the Settlement Class.

**Notice To Potential Class Members**

6.      The Court approves the form and content of the proposed Short Form Notice (attached hereto as Exhibit 1) and Long Form Notice (attached hereto as Exhibit 2) (collectively, "Class Notice") and approves the Parties' proposal to distribute the Short Form Notice by U.S. Mail and the Long Form Notice via the Internet, as set forth in the Settlement Agreement. The Court finds that the Parties' proposal regarding class notice to potential class members

constitutes the best notice practicable under the circumstances, and complies fully with the notice requirements of due process and Fed. R. Civ. P. 23.

7. The Court approves the following schedule for dissemination of the Class Notice, requesting exclusion from the Settlement Class or objecting to the Settlement, submitting papers in connection with Final Approval, and the Final Approval Hearing, as follows:

| | |
|---|---|
| Within 14 days after entry of Order Preliminarily Approving the Settlement | Defendant shall provide names and addresses of Settlement Class Members to the Settlement Administrator. |
| Within 21 days after entry of Order Preliminarily Approving the Settlement | Defendant will file a declaration that HIKO has timely served the notice required under 28 U.S.C. § 1715(b) upon the Attorney General of the United States and appropriate state officials in those states in which Settlement Class Members reside, as determined by Defendant's records of last known addresses. |
| Within 28 days after entry of Order Preliminarily Approving the Settlement | The Settlement Administrator shall mail the Short Form Notice to all Settlement Class Members. |
| Within 28 days after entry of Order Preliminarily Approving the Settlement | The Settlement Administrator shall cause the Settlement Agreement, this Order, and a copy of the Long Form Notice to be posted on the website created pursuant to the Settlement Agreement, as set forth in the Short Form Notice. |
| 60 days after mailing of Class Notice | Opt Out Date: Deadline for Settlement Class Members to opt out of Settlement.<br><br>Objection Date: Deadline for Settlement Class Members to object to terms of Settlement and to advise the parties and the Court of intent to appear at Final Approval Hearing. |
| 67 days after mailing of Class Notice | Deadline for the Settlement Administrator to provide counsel with affidavit of mailing of Short Form Notice. |
| 67 days after mailing of Class Notice | Deadline for the Settlement Administrator to provide counsel a list of all Class members who returned a timely request to opt out of the Settlement (as described in the Class Notice). |
| 74 days after mailing of Class Notice | Class Counsel shall serve and file affidavit of the Settlement Administrator of mailing of Short Form Notice and completion of other duties enumerated in Settlement Agreement. |
| At least 15 days prior to the Final Approval Hearing | Plaintiffs shall file a motion for final approval of settlement, responses to any objections, and an application for the award of attorneys' fees, costs and enhancement awards for named plaintiffs. |
| 90 days after Defendant serves notice required under 28 U.S.C. § 1715(b) | Earliest date for entry of order finally approving Settlement Agreement. |

| 120 days after entry of Order Preliminarily Approving the Settlement | Final Claims Date: Deadline for Settlement Class Members to make claims. |
| --- | --- |

**Claims Administration**

8.    The Court approves Rust Consulting as the Settlement Administrator, with the responsibilities set forth in the Settlement Agreement.

9.    As shall be described in the attached and approved Class Notice, any member may opt out of the Class by mailing a completed request for exclusion to the Settlement Administrator and all counsel within 60 days after the date on which notice is mailed to the Class.  Persons or entities that request exclusion from the Class shall not be bound by any judgment.  The request for exclusion must be personally signed by the person requesting exclusion.  So-called "mass" or "class" opt outs shall not be permitted.

10.    Any potential member of the Class that does not properly and timely mail a Request for Exclusion shall be included in the Class and shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such class member shall have objected to the Settlement.

11.    Any objecting class member must include his or her name and address and must state, in a writing mailed to the Settlement Administrator and all counsel, all objections and the basis for any objection(s), and provide a statement whether the Objector intends to appear at the Final Approval Hearing, either with or without counsel.

**Fairness Hearing**

12.    A Fairness Hearing is hereby scheduled to be held before the undersigned on _____, 201__, at _____ am/pm, to consider the fairness, reasonableness and adequacy of the Settlement Agreement, the entry of a Final Order and Judgment in the case, any

petition for attorneys' fees, costs and reimbursement of expenses made by Class Counsel, Enhancement Awards to named Plaintiffs, and any other related matters that are brought to the attention of the Court in a timely fashion.

13.     Any member of the Class that has not filed a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement Agreement; provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, in accordance with the deadlines above, such person: (a) filed with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlement Agreement, and any documentation in support of such opposition; and (b) serves copies of such notice, statement and documentation upon all counsel.

14.     The date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to adjournment by the Court without further notice to the members of the Class other than which may be posted on the Court's Electronic Case Filing (ECF) system or the website created pursuant to the Settlement Agreement, as set forth in the Short Form Notice.

15.     If Final Approval of the Settlement is not granted, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the parties rights and the parties shall return to the *status quo ante*, and all Orders issued pursuant to the Settlement and Preliminary and Final Approval process shall be vacated.  In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in this action for any purpose whatsoever.

Dated: _____, 2015
New York, New York

SO ORDERED:

_____
Hon. Vincent L. Briccetti, U.S.D.J.

# Exhibit E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re HIKO ENERGY LLC Litigation | Civil Action No. 14-01771 |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Plaintiffs' Joint Motion for Final Approval of the settlement and upon Class Counsel's Motion for Award of Attorney's Fees and Costs. Due and adequate notice having been given to the Settlement Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this litigation, and good cause appearing, **IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1.      For purposes of this Final Judgment and Order of Dismissal ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2.      The Court has jurisdiction over the subject matter of the litigation, the Named Plaintiffs, the other Class Members, and the Released Persons ("the Settling Parties").

3.      With respect to the Settlement Class and for purposes of approving this Settlement only, this Court finds as to the Settlement Class that:

(a) the Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class;

(c) the claims of the Named Plaintiffs are typical of the claims of the Class;

(d) the Named Plaintiffs will fairly and adequately protect the interests of the Class;

(e) questions of law and fact common to class members predominate over any questions affecting only individual Class Members; and,

(f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of, and solely in connection with, the Settlement, the Court certifies this action as a class action on behalf of the following Settlement Class:

> All persons who were customers of HIKO Energy, LLC during the Class Period provided they were customers prior to or as of December 31, 2014.

5.     The Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6.     Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Court hereby finds and concludes that (1) the Short Form Notice was disseminated to members of the Settlement Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order, and (2) the Long Form Notice, the Claim Form, and the Settlement Website complied with this Court's Preliminary Approval Order.

7.     The Court finds and concludes that the Short Form Notice, the Long Form Notice, the Claim Form, the Settlement Website, and all other aspects of the notice, opt-out and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class and the Settlement Class Members.

8.      Certain Persons who fall within the definition of the Settlement Class have requested to opt out of the Settlement and have complied with the procedures established by the Settlement Agreement and this Court. These Persons are listed in Docket Entry No. 14-01771, and they will not be bound by the terms of the Settlement Agreement.

9. The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Settling Parties.

10.      The Court finds and concludes that the Settlement is fair, reasonable, and adequate and should be approved.

11.      The Court hereby approves the Settlement (as set forth in the Settlement Agreement), the Releases, and all other terms in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settling Parties. The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement. However, without seeking further Court approval, the Settling Parties may jointly agree to make changes to the Settlement Agreement, including to the manner in which the claims process shall be administered, provided that those changes do not reduce the benefits to which Settlement Class Members may be entitled, increase the burden on Settlement Class Members in making a Claim, or otherwise materially alter the Settling Parties' obligations under the Settlement and the Settlement Agreement.

12.      By this Judgment, the Releasing Parties shall be deemed to have (and by operation of the Judgment shall have) fully finally, and forever released, relinquished and discharged all Released Claims against the Released Persons.

13. This action is dismissed with prejudice. The Settling Parties are to bear their own attorney's fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

14. This Court has considered and overruled all objections to the Settlement.

15. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Settlement Agreement and/or the Judgment from this litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. If for any reason the Effective Date does not occur, then (1) the certification of the Settlement Class shall be deemed vacated, (2) the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and (3) the Settling Parties shall return to the *status quo ante* in the litigation as it existed on August 4, 2015, without prejudice to the right of any of the Settling Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

17.     Upon consideration of Class Counsel's Motion for and Award of Fees and Costs, Class Counsel's Motion is GRANTED. Consistent with Section II.H.1 of the Settlement Agreement, Defendants shall pay a Fee Award to Settlement Class Counsel in the amount of $975,000, consistent with the terms of the Settlement Agreement.

18.     Upon consideration of Class Counsel's request for Enhancement Awards to the Named Plaintiffs, the request is GRANTED. Consistent with the terms of Section II.H.1 of the Settlement Agreement, Defendant shall pay Yang Chen, Lawrence Sasso, Audrey Bogdanski and Michael Kantor Award in the amount of $4,000 each, and shall pay Erin Spillman an Enhancement Award in the amount of $4,000.

19.     Within 130 days from the Effective Date, the Settlement Administrator shall destroy all personally identifying information about any Class Member in its possession, custody, or control, including (but not limited to) any list that the Settlement Administrator received from Defendant in connection with the Settlement Administrator's efforts to provide Notice to Class Members.

20.     Each and every Class Member, and any Person actually or purportedly acting on behalf of any Class Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Persons. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

22.     This document is a final, appealable order, and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure. By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Judgment complies in all respect with Federal Rule of Civil Procedure 65(d)(1).

Dated: _____, 2015
New York, New York                            SO ORDERED:


                                              _____
                                              Hon. Vincent L. Briccetti, U.S.D.J.