Case 7:14-cv-01771-VB Document 66-1 Filed 11/02/15 Page 44 of 56

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-6-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re HIKO ENERGY LLC Litigation

Civil Action No. 14-01771

~~[PROPOSED]~~ ORDER APPROVING PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**THIS CAUSE** is before the Court on Plaintiffs' Uncontested Motion for Preliminary Approval of Class Action Settlement. Having reviewed the Motion, the Settlement Agreement, the Declaration of D. Greg Blankinship, and the record in this case, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

**Preliminary Approval of Settlement Agreement**

1. The Court finds for the purposes of preliminary approval, that the proposed settlement, as set forth in the Parties' Settlement Agreement, is fair, reasonable, adequate, and in the best interests of the Class. The Court further finds that the Settlement was entered into at arm's length by highly experienced counsel. The Court therefore preliminarily approves the proposed Settlement.

**Class Certification**

2. The Court conditionally certifies, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), a Settlement Class defined as:

> All persons who were customers of HIKO Energy, LLC during the Class Period provided they were customers prior to or as of December 31, 2014.

Excluded from the Settlement Class are: HIKO Energy, LLC; any of its parents, subsidiaries, or affiliates; any entity controlled by either of them; any officer, director, employee, legal

representative, predecessor, successor, or assignee of HIKO Energy, LLC; any person enrolled in a HIKO affinity program; and any person who has previously released claims that will be released by this Settlement.

3. Pursuant to the Settlement Agreement, and for Settlement purposes only, the Court finds as to the Settlement Class that:

(a) the Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class;

(c) the claims of the named Plaintiffs are typical of the claims of the Class;

(d) the named Plaintiffs will fairly and adequately protect the interests of the Class;

(e) questions of law and fact common to class members predominate over any questions affecting only individual Class members; and,

(f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. The Court appoints Plaintiffs Yang Chen, Lawrence Sasso, Audrey Bogdanski, Michael Kantor, and Erin Spillman as Representatives of the Settlement Class.

5. The Court appoints D. Greg Blankinship and Todd S. Garber, and the firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as Class Counsel to the Settlement Class.

**Notice To Potential Class Members**

6. The Court approves the form and content of the proposed Short Form Notice (attached hereto as Exhibit 1) and Long Form Notice (attached hereto as Exhibit 2) (collectively, "Class Notice") and approves the Parties' proposal to distribute the Short Form Notice by U.S. Mail and the Long Form Notice via the Internet, as set forth in the Settlement Agreement. The Court finds that the Parties' proposal regarding class notice to potential class members

constitutes the best notice practicable under the circumstances, and complies fully with the notice requirements of due process and Fed. R. Civ. P. 23.

7. The Court approves the following schedule for dissemination of the Class Notice, requesting exclusion from the Settlement Class or objecting to the Settlement, submitting papers in connection with Final Approval, and the Final Approval Hearing, as follows:

| | |
|---|---|
| Within 14 days after entry of Order Preliminarily Approving the Settlement | Defendant shall provide names and addresses of Settlement Class Members to the Settlement Administrator. |
| Within 21 days after entry of Order Preliminarily Approving the Settlement | Defendant will file a declaration that HIKO has timely served the notice required under 28 U.S.C. § 1715(b) upon the Attorney General of the United States and appropriate state officials in those states in which Settlement Class Members reside, as determined by Defendant's records of last known addresses. |
| Within 28 days after entry of Order Preliminarily Approving the Settlement | The Settlement Administrator shall mail the Short Form Notice to all Settlement Class Members. |
| Within 28 days after entry of Order Preliminarily Approving the Settlement | The Settlement Administrator shall cause the Settlement Agreement, this Order, and a copy of the Long Form Notice to be posted on the website created pursuant to the Settlement Agreement, as set forth in the Short Form Notice. |
| 60 days after mailing of Class Notice | Opt Out Date: Deadline for Settlement Class Members to opt out of Settlement.<br><br>Objection Date: Deadline for Settlement Class Members to object to terms of Settlement and to advise the parties and the Court of intent to appear at Final Approval Hearing. |
| 67 days after mailing of Class Notice | Deadline for the Settlement Administrator to provide counsel with affidavit of mailing of Short Form Notice. |
| 67 days after mailing of Class Notice | Deadline for the Settlement Administrator to provide counsel a list of all Class members who returned a timely request to opt out of the Settlement (as described in the Class Notice). |
| 74 days after mailing of Class Notice | Class Counsel shall serve and file affidavit of the Settlement Administrator of mailing of Short Form Notice and completion of other duties enumerated in Settlement Agreement. |
| At least 15 days prior to the Final Approval Hearing | Plaintiffs shall file a motion for final approval of settlement, responses to any objections, and an application for the award of attorneys' fees, costs and enhancement awards for named plaintiffs. |
| 90 days after Defendant serves notice required under 28 U.S.C. § 1715(b) | Earliest date for entry of order finally approving Settlement Agreement. |

Case 7:14-cv-01771-VB Document 66-1 Filed 11/02/15 Page 47 of 58

| | |
|---|---|
| 120 days after entry of Order Preliminarily Approving the Settlement | Final Claims Date: Deadline for Settlement Class Members to make claims. |

**Claims Administration**

8. The Court approves Rust Consulting as the Settlement Administrator, with the responsibilities set forth in the Settlement Agreement.

9. As shall be described in the attached and approved Class Notice, any member may opt out of the Class by mailing a completed request for exclusion to the Settlement Administrator and all counsel within 60 days after the date on which notice is mailed to the Class. Persons or entities that request exclusion from the Class shall not be bound by any judgment. The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" opt outs shall not be permitted.

10. Any potential member of the Class that does not properly and timely mail a Request for Exclusion shall be included in the Class and shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such class member shall have objected to the Settlement.

11. Any objecting class member must include his or her name and address and must state, in a writing mailed to the Settlement Administrator and all counsel, all objections and the basis for any objection(s), and provide a statement whether the Objector intends to appear at the Final Approval Hearing, either with or without counsel.

**Fairness Hearing**

12. A Fairness Hearing is hereby scheduled to be held before the undersigned on May 9, 2016, at 2:30 ~~am~~/pm, to consider the fairness, reasonableness and adequacy of the Settlement Agreement, the entry of a Final Order and Judgment in the case, any

petition for attorneys' fees, costs and reimbursement of expenses made by Class Counsel, Enhancement Awards to named Plaintiffs, and any other related matters that are brought to the attention of the Court in a timely fashion.

13. Any member of the Class that has not filed a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement Agreement; provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, in accordance with the deadlines above, such person: (a) filed with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlement Agreement, and any documentation in support of such opposition; and (b) serves copies of such notice, statement and documentation upon all counsel.

14. The date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to adjournment by the Court without further notice to the members of the Class other than which may be posted on the Court's Electronic Case Filing (ECF) system or the website created pursuant to the Settlement Agreement, as set forth in the Short Form Notice.

15. If Final Approval of the Settlement is not granted, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the parties rights and the parties shall return to the *status quo ante*, and all Orders issued pursuant to the Settlement and Preliminary and Final Approval process shall be vacated. In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in this action for any purpose whatsoever.

Case 7:14-cv-01771-VB Document 66-1 Filed 11/02/15 Page 49 of 56

Dated: January 6, 2016 ~~2015~~
New York, New York

SO ORDERED:

[signature]

Hon. Vincent L. Briccetti, U.S.D.J.